EMMA S. COX, Plaintiff in Error, v. GEORGE T. DUNN, Administrator *ad litem* of THOMPSON COX, deceased, Defendant in Error.

#### February 16, 1877.

1. Section 4, page 539, Wagner's Statutes, will not be construed to mean that the widow shall take a child's portion of the personalty owned by the husband at his death, discharged of his debts, although said section omits mention of such debts.

2. The policy of the law does not favor the exhaustion of a decedent's estate for the benefit of the widow or children, to the prejudice of creditors, and where the statute does not clearly imply or express such intent it will not be presumed.

APPEAL from Lincoln Circuit Court.

*Affirmed.*

*McKee & McFarland*, with *B. W. Wheeler*, for plaintiff in error, cited: Wag. Stat., ch. 2, art. 2, secs. 33, 35; Wag. Stat. 539, secs. 4–7.

*Dunn & Colbert*, for defendant in error, cited: Wag. Stat. 539, sec. 4, p. 87, sec. 26, p. 88, secs. 35, 36, 38, 39, p. 94, sec. 10; Cheelry's Admr. *v.* Wells, 33 Mo. 106; Smith *et al. v.* Denny *et al.*, 37 Mo. 20; Stokes *v.* O'Fallon, 2 Mo. 32; Brant's Will, 40 Mo. 266; Williams on Exrs. 1149; Well's Guardian *v.* Coppidge, 15 Mo. 448.

HAYDEN, J., delivered the opinion of the court.

The only question presented by the record in this case is one involving the construction of that section of the stat-

ute on the subject of dower which provides that, " when the husband shall die leaving a child or children, or other descendants, the widow should be entitled absolutely to a share in the personal estate belonging to the husband at the time of his death equal to the share of a child of such deceased husband." Wag. Stat. 539, sec. 4. The plaintiff in error, the widow and executrix of the deceased, presented a petition to the Probate Court of Lincoln County, and in it claimed, under the section just recited, a share in the personal estate of her husband equal to a child's share, and that the share to which she was entitled was not subject to the payment of the debts of the deceased. The court appointed the defendant in error administrator *ad litem*, and he defending for the estate, the court refused to allow the claim ; whereupon an appeal was taken to the Circuit Court, which gave judgment against the plaintiff.

The material facts of the case are that Thomas Cox died leaving a widow, the plaintiff, and five children, and an estate consisting of real and personal property, which he disposed of by will ; that by this will he left to the plaintiff certain real and personal property in lieu of dower, and the rest of his estate to his children ; that the plaintiff duly renounced under the will, and elected to be endowed under the law ; that the plaintiff received property to the fullest extent allowed her by law under sections 33 and 35 of article 2 of the Administration Act ; that the debts allowed in the Probate Court against the estate at the time of the application of the allowance amounted to $22,116.55 ; that the whole amount of the personal property, as shown by the inventory, appraisement, and sale-bill, was $14,628.75 ; thus making it appear that the personalty was insufficient to pay the debts thus proved.

It is urged in behalf of the plaintiff in error that the 4th section gives the share *absolutely* to the widow, and without qualification ; that the 17th section of the same chapter qualifies the rights of the widow under the 5th and 6th sec-

tions by an express provision ; and that, as no similar qualification is made in regard to the 4th section, the Legislature could not have intended any. It is also urged that sections 4, 5, 6, and 7 of the statutes of 1855 (Rev. Stat. 1855, p. 669) are the same as at present, with the exception that in the revision of 1865 these words in the 4th section, " subject to the payment of her husband's debts," were omitted ; and it is argued that, as the Legislature retained the 7th section and omitted the clause in the 4th section, the omission was *ex industria*, and because the intent was that, under the 4th section, the widow should take a child's share irrespective of debts.

There is force in these arguments, though in regard to the last it may be observed that the revisors were omitting certain words as to slaves, etc., from the 4th section, as unnecessary, and that it is not unlikely that they at the same time omitted the clause as to payment of the husband's debts, as also unnecessary, on the basis that the words were implied. But, giving the plaintiff's arguments their fullest force, we think they must yield to arguments which are still stronger. It cannot be concluded, where the question as one of construction is doubtful, that the Legislature intended to make a rule that would, in many cases, deprive the creditors of an estate of the payment of debts due to them. Such intentions must be shown by express provisions to that effect, or by implications which are beyond doubt. The personal estate is the primary fund for the payment of debts ; and in many cases it is the only source to which creditors can resort. Besides her dower in the real estate, her homestead rights, and the other provisions made for her, the widow may receive personal property to the value of $400, under the act of 1868, which allowance, by an express clause, is irrespective of debts of the estate. To say that she shall also receive a child's share, without regard to the payment of the debts of the deceased, in the absence of any similar provision for exemption, is to say that in many cases the

widow may take a large amount of property almost to the exclusion of creditors to whom that property really belongs. In the section now in question the law is not, as in the sections above referred to from the Administration Act, making what the Legislature evidently considered necessary provisions for the immediate maintenance of the widow. It is laying down a rule for the distribution of property at the death of the owner. The policy of the law must, therefore, be considered, and the principles on which it habitually acts and compels action in others. It does not permit men to be generous before they are just; and many of its rules are based on this underlying principle. It is not so much that the construction contended for by plaintiff in error would work hardship; it is that the real question here is one of legislative intent, and that this, upon a doubtful construction, must be solved by the application of legal principles. We think that when the words " subject to the payment of her husband's debts," in the 4th section, were omitted in the revision, this was not done with the intent to deprive creditors of any rights which they had previously enjoyed.

All the judges concurring, the judgment is affirmed.