## Hampton's Admrs. v. Hampton.

(Decided February 13, 1920.)

### Appeal from Clark Circuit Court.

1. Internal Revenue—Estate Tax—Out of What Fund Payable.—So far as the widow, heirs and distributees of decedent are concerned, the federal estate tax is not a charge upon the personal property of the decedent, but is payable by the whole estate.
2. Descent and Distribution—Widow's Property Rights—Surplus Personalty—Debts of Decedent—Estate Tax.—Under Sections 1403 and 2132, Kentucky Statutes, giving to the widow of an intestate one-half of the surplus of his personal estate after the payment of funeral expenses, costs of administration and debts, the estate tax due the federal government is not a debt.
3. Descent and Distribution—Widow's Property Rights—Surplus Personalty—Estate Tax Due Federal Government Not to be Deducted.—Since the estate tax due the federal government is not a charge upon the personal estate of the intestate and is not a debt, the widow of an intestate is entitled to one-half his surplus person-

alty without any deduction being made on account of such tax except her proportionate part thereof.

BENTON & DAVIS for appellants.

A. F. BYRD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

A. B. Hampton, a resident of Clark county, died intestate and without issue in the month of February, 1919. His estate passed to his widow, L. A. Hampton, and certain collateral kindred. Where the husband dies intestate, the widow, in addition to dower, is entitled to one-half of the surplus personalty. The estate of the intestate consisted of personalty worth about $30,000.00, and several hundred acres of land. In a proper proceeding, the land, other than the widow's dower, was sold by the master commissioner of the Clark circuit court for the sum of $295,236.26, the ordinary indebtedness of the estate amounting to about $5,000.00. The estate tax to the federal government is approximately $20,000.00.

An agreed case was filed in the Clark circuit court for the purpose of determining out of what portions of the estate the estate tax should be paid. The court adjudged that the estate tax was payable before distribution, and there should be deducted from the personal property going to the widow, such proportion of the entire estate tax as the value of all the property allotted to her bore to the entire estate, and that her interest in the estate should be ascertained by adding the value of her dower as fixed by the life tables to one-half of the surplus personalty after paying funeral expenses, costs of administration and the debts of decedent, including state and county taxes due upon assessments made in his name. The administrators appeal.

It is the contention of the administrators that the estate tax is payable out of the personal property of the decedent and that the widow is not entitled to any portion of the personal property until the estate tax is paid.

The tax is imposed upon the net estate. The gross estate includes all property of the decedent whether real or personal, tangible or intangible. The net estate in the case of a resident is determined by deducting from the value of the gross estate "such amounts for funeral expenses, administration expenses, claims against the

estate, unpaid mortgages, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise, support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered; and an exemption of $50,000.00." Fed. Stat. Ann., 1918 Supp., sections 201, 202 and 203.

Section 205 requires certain returns to be made by the executor and section 207 imposes upon the executor the duty to pay the tax, while section 200 provides that the term "executor" means the executor or administrator, any person who takes possession of any property of the decedent. Section 208 is as follows:

"If the tax or any part thereof is paid by, or collected out of that part of the estate passing to, or in the possession of, any person other than the executor in his capacity as such, such person shall be entitled to reimbursement out of any part of the estate still undistributed or by a just and equitable contribution by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution of the estate or whose interest is subject to equal or prior liability for the payment of taxes, debts, or other charges against the estate, it being the purpose and intent of this title that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution."

The argument in behalf of the administrators is as follows: The estate tax is not an inheritance tax, but a tax upon the transfer of property from the decedent to others. The value of the separate interests, and the relationship of the beneficiaries to the decedent have no bearing upon the question of liability, or the extent thereof. The tax is payable by the personal representative who would have nothing in his hands with which to pay the tax except personal property. In speaking of contribution in section 208, *supra,* the section recognizes that some portion of the estate is subject to a "prior liability," and this liability is necessarily the personal estate. It therefore follows that the estate tax is primarily a charge upon the personal estate, and the

widow is not entitled to one-half of the personal estate of the decedent until the estate tax has been paid.

In view of the inequality that would result, we are reluctant to adopt the view that the estate tax is a charge on the personal estate, unless compelled to do so by the language of the act itself. It is conceded that there is no express provision to that effect, but insisted that the nature of the tax, the method of its collection and other considerations make it clear that such was the purpose of Congress. We do not regard as controlling the fact that the primary duty of paying the tax is imposed upon the executor, in view of the fact that the executor may be "any person who takes possession of any property of decedent," and the further consideration that the obligation of the personal representative to pay the tax is a mere rule of administration to insure its payment, and does not in any way affect the rights of the heirs and distributees as among themselves. Nor can we say that the words "prior liability" in section 208 necessarily refer to the liability of the personal estate of the decedent. They may as well refer to prior liability imposed by statute or by the will of the testator. Considering the act as a whole, and particularly the provisions with respect to reimbursement and contribution, we cannot escape the conclusion that Congress did not intend to discriminate between the widow, heirs and distributees, but intended that every portion of the estate should bear its proportionate part of the tax, subject, however, to the right of the decedent to provide by will out of what portion of his estate the tax should be paid. The case of Knowlton v. Moore, 178 U. S. 41, 44 L. Ed. 969, presents a very interesting history of the origin and nature of death taxes, probate duties, succession duties, etc., but has no direct bearing on the question under consideration.

Laying aside the federal act as not controlling on the question of descent and distribution, and coming to our own statutes, we find that the widow is entitled to one-half of her husband's surplus personalty, Kentucky Statutes, section 2132, and that the surplus is obtained by deducting from the whole of the personalty the decedent's funeral expenses, charges of administration and debts. Clearly the estate tax, which was never an obligation of the decedent, cannot be regarded as a debt within the meaning of our statute.

. It follows from what we have said that the judgment was proper.

Judgment affirmed.