HUGHES BRYANT, Administrator C. T. A. of Estate of HARRIET M. BRYANT, Appellant, v. MOULTON GREEN.—44 S. W. (2d) 7.

Division One, November 20, 1931.

*Bruce Barnett* for appellant.

*Lathrop, Crane, Reynolds, Sawyer & Mersereau, John H. Lathrop* and *Henry W. Fox* for respondent.

1228

GANTT, P. J.—Suit by the administrator of the estate of Harriet M. Bryant deceased, to recover $16,994.61 from the trustee of real estate in trust under the provisions of the will of said Harriet M. Bryant. The plaintiff administrator and defendant trustee seek recovery under identical facts. Both filed a motion for judgment on the pleadings. Plaintiff administrator's motion was overruled and his bill dismissed. Defendant trustee's motion was sustained and judgment was rendered in his favor, as prayed for in the cross-petition. Plaintiff administrator appealed. The pertinent facts set forth in the pleadings follow:

Harriet M. Bryant died testate, seized of personal property and real estate. She appointed an executor, and upon his declining to act, plaintiff was appointed administrator with the will annexed. She bequeathed the personal property in equal shares to a son and four daughters, and devised the real estate to a trustee or trustees in trust, until a time named, with directions as to management and control of the property and with directions as to disposition of the net income. She also disposed of the real estate and undistributed income on the termination of the trust.

In due course a Federal estate tax of $106,630.32 was levied against the estate of decedent. Of this, 97.25 per cent was levied against the real estate, and 2.75 per cent was levied against the personal property.

Likewise, a Missouri inheritance tax of $19,578.08 was levied against the estate of decedent. Of this, 97.157 per cent was levied against the real estate and 2.843 per cent was levied against the personal property.

"The personal estate being inadequate for the payment of said taxes, the plaintiff administrator called upon the trustees, the predecessors in trust of the defendant trustee, for money with which to discharge said taxes, thereby to save their real estate from sale therefor by a proceeding in the probate court." Responding to said demand, the trustees paid to the administrator for said purpose sums of money aggregating $118,329.19. Thereafter the administrator paid both the Federal estate tax and the State inheritance tax.

On the trial plaintiff administrator contended, and he here contends, that defendant trustee should pay 97.25 per cent of the Federal estate tax, and that he as administrator should pay 2.75 per cent of said tax. On the trial he also contended and he here contends that defendant trustee should pay 97.157 per cent of the State inheritance tax and that he as administrator should pay 2.843 per cent of said tax. If it is proper to so apportion the payment of said taxes, the defendant trustee is indebted to plaintiff administrator in the sum of $16,994.61.

On the other hand, defendant trustee contended, and he here contends, that the real estate should not be subjected to the payment of said tax until the net personal estate has been exhausted for that purpose. There being a net personal estate in excess of $20,000, the defendant trustee filed a cross-petition praying for judgment against plaintiff administrator for a sum not exceeding $118,329.19, the amount paid by the predecessors of defendant trustee to plaintiff administrator on said taxes.

As stated, the chancellor found in favor of defendant trustee on the cross-petition. That part of the decree follows:

"It is further ordered, adjudged and decreed that the motion of the defendant for judgment upon the pleadings be, and the same is hereby sustained, and that the defendant on his cross-petition have and recover of and from the plaintiff as administrator such a sum of money, not in excess of the sum of $118,329.19, as shall be equal to the amount and value of all of the personal assets of said estate, which shall remain in the hands of the plaintiff as administrator of said estate, after all demands allowed against said estate and all costs of administration, including the administrator's commission, shall have been paid, and after the payment of all of the costs of this suit, which costs shall be and they are hereby taxed against the plaintiff."

I. Under the State statute the tax is levied on the right to receive property upon death. [Brown v. State, 19 S. W. (2d) 12, l. c. 16.] This tax is assessed against each beneficiary as per applicable rate on the value of the property received from the gross estate, after deducting, among other things, the Federal estate tax. The administrator, executor or trustee is charged with the duty of deducting the State tax from money transferred to a beneficiary. If the property transferred is not money, he is charged with the duty of collecting the tax from the legatee, grantee, donee, devisee or person entitled to such property. [Laws 1917, p. 118, secs. 6 and 7 (Secs. 578, 579, R. S. 1929.]

Plaintiff administrator directs attention to no provision of the Missouri inheritance tax statute authorizing an apportionment of the tax between personal property and real estate in the manner contended by him. On the contrary he is directed by said statute to collect the tax from the person entitled to the property. He cites Hampton's Administrators v. Hampton, 188 Ky. 199, 221 S. W. 496, 10 A. L. R. 515. The decision in that case turned on a construction of the U. S. statute providing for a Federal estate tax. It is not in point.

II. We next consider the contentions under the Federal statute. Under said statute the tax is levied on the right to transfer property upon death. It is assessed against the net estate. [Secs. 401, 402, Revenue Act of 1918 (40 Stat. 1057-1097).] The parties cite authorities in support of the contentions made under this statute in the trial court and in this court. Consideration of these authorities is unnecessary. The right of plaintiff administrator to contribution from defendant trustee under the facts of this case is determined by Harrelson v. Crooks, Collector of Internal Revenue, 28 Fed. (2d)

510, decided after the trial of the instant case in the circuit court. The Harrelson case was a suit in the U. S. District Court, W. D. Missouri, N. D., to recover money from defendant collector alleged to have been unlawfully collected as a Federal estate tax levied on real estate inherited by plaintiffs. The demurrer to the petition as stating no cause of action was overruled. The ruling was based on a construction of the governing statute, which in part follows:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate. . . ." [Sec. 402, Revenue Act 1918 (40 Stat. 1057-1097).]

In construing the statute it was said:

"It will be noted that property may not be included in the value of the gross estate of a decedent, unless after his death *three* facts exist with reference to it. Of these one is that the property is subject to the expenses of the administration of the estate. If all three facts are not present, including this one, then the property may not be included in calculating the value of the estate to be taxed. [United States v. Field, 255 U. S. 257, 262, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461.]

"The theory of the case is that real estate in Missouri is not subject to expenses of administration, and that, therefore, the real estate here should not have been included in determining the amount of tax due. The defendant disputes this theory. The only question for consideration, then, is whether in Missouri real estate is subject to expenses of administration, and that question is to be determined by the state law.

"The question must be resolved in plaintiffs' favor. Repeated decisions of Missouri appellate courts announce the law of this State to be that real estate is not subject to administration expenses. Among other cases are the following: In re Motier's Estate, 7 Mo. App. 514; Ritchey v. Withers, 72 Mo. 556; Elstroth v. Young, 94 Mo. App. 351, 68 S. W. 100; State v. Doud, 216 Mo. App. 480, 269 S. W. 1. c. 924."

This ruling of the district court was affirmed by the Circuit Court of Appeals for the Eighth Circuit (38 Fed. (2d) 416), and by the Supreme Court of the United States (51 Sup. Ct. Rep. 49).

Thus it appears that the real estate in question was not subject to a Federal estate tax. If so, said real estate cannot be subjected to contribution to the payment of such a tax. In this connection it should

be stated that the question of whether the payments on said tax by the trustees were voluntary or involuntary is not presented for determination.

The judgment should be affirmed. It is so ordered. All concur.