St. Louis Provident Association, a Corporation, v. R. E. Gruner, Collector of the Revenue in the City of St. Louis, Missouri, Appellant.—No. 39895.—199 S. W. (2d) 409.

Division One, February 10, 1947.

*Alfred L. Grattendick* for appellant.

*Charles Claflin Allen* and *Lehmann & Allen* for respondent.

HYDE, P. J.—Action for declaratory judgment in which plaintiff seeks determination of tax exemption from taxes due in 1944 on a lot purchased by it on February 26, 1944 and cancellation of a tax bill issued therefor. The court found that the lot was exempt from the date of its purchase and apportioned the taxes due in 1944 in accordance with the time of ownership of the parties during 1944, making the lot liable only for $190.37 of the total tax of $787.75. Defendant has appealed.

The questions for decision are: When did the state's lien commence for taxes due in 1944? and Can these taxes be apportioned? Defendant contends that the state's lien attached on June 1, 1943 and that there can be no apportionment. Plaintiff contends that the state's lien did not attach until the amount of the tax was determined by the annual levy, which was after the sale to plaintiff, relying on McAnally v. Little River Drainage District, 325 Mo. 348, 28 S. W. (2d) 650; State ex rel. Martin v. Childress, 345 Mo. 495, 134 S. W. (2d) 136; United States v. Certain Lands in the City of St. Louis, 29 F. Supp. 92; United States v. Certain Lands in the City of St.

Louis, 51 F. Supp. 80. Plaintiff also argues that apportionment is proper. The case was tried on an agreed statement of facts in which it was conceded that plaintiff was a tax exempt association.

As shown by the authorities cited in the opinion of the United States District Court in the St. Louis case, supra, (29 F. Supp. l. c. 96) there is considerable conflict of authority on the question of when tax liens attach. [See also 61 C. J. 922-924, Sec's. 1172-1173.] The decision therein was based mainly upon the McAnally case, supra. However, we do not consider the McAnally case to be decisive as to the exact date upon which the state's lien attaches because the determination of that precise issue was not necessary to the decision. What was decided therein was that both the state's lien for taxes and the lien of a drainage district for its assessments attached annually, so that the foreclosure of the state's lien for taxes for the year 1926 did not destroy the lien of the district thereafter attaching for future unlevied installments (1927 and 1928) to pay the balance of the original assessment against the land for the drainage works.

This question must be decided upon the construction of Sections 10940 and 10941. (This and all other references not otherwise designated are to R. S. 1939 and Mo. Stat. Ann.) Section 10940 provides: "Every person owning or holding property on the first day of June, including all such property purchased on that day, shall be liable for taxes thereon for the ensuing year." We have held that this does not mean that a personal judgment against the taxpayer is authorized for taxes on real property but that the taxes may be collected by suit to enforce the state's lien against the land. [State ex rel. Hayes v. Snyder, 139 Mo. 549, 41 S. W. 216.] In other words, it is the land that is liable for such taxes for the ensuing year. Section 10941 provides in part, as follows: "Government lands entered or located on prior to the first day of June shall be taxable for that year . . . and a lien is hereby vested in favor of the state in all real property for all taxes thereon, which lien shall be enforced as hereinafter provided . . . " To be considered also is Section 10970 which provides: "Real estate shall be assessed at the assessment which shall commence on the first day of June, 1893, and shall be required to be assessed every year thereafter." [The dates in these sections were originally the first day of August. See Laws 1872, p. 95, Sec. 59; p. 95, Sec. 60; p. 92, Sec. 48.] We think that these sections construed together show the intention of the Legislature to be that the state's lien attaches on the first day of June of each year for the taxes due during the following year. (Now changed by legislation under the Constitution of 1945.)

This court so held in McLaren v. Sheble, 45 Mo. 130 under previous statutes not specifically fixing the state's lien. (See Chap. 12, G. S. 1865) in which it said: "The defendant, being the owner and occupier

of the premises on the first Monday of September, 1866, was liable for the taxes of the fiscal year beginning at that date, and such taxes constituted a lien upon the property, *by relation,* from and after the first Monday of September, although not actually levied till the year 1867." This ruling was based on Blossom v. Van Court, 34 Mo. 390, in which this court held, under the provisions of Article 2, Chapter 135; R. S. 1855, that "this section above quoted (Sec. 18, Art. 2, Chapter 135) appears to fix definitely that the tax should be assessed against the person who was on the first day of February the owner of the property, thus fixing his liability on that day, and charging the property with it as an encumbrance *(although the amount of the encumbrance is not ascertained until afterwards.)*" (Our italics.)

We must consider that the 1872 Revenue Act (Laws 1872, p. 80) by which our present land taxation system was established, was enacted with the construction of previous statutes made by these decisions in mind. [See discussion in Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, l. c. 248, 146 S. W. 1142, l. c. 1143.] The rule of Blossom v. Van Court, that taxes are an encumbrance from the assessment date, has always since been followed as between vendor and purchaser of land. [See Carter v. United States, 3 F. Supp. 782; Brown v. Evans (Mo. Sup.), 182 S. W. (2d) 580; Dennig v. Swift & Co., 339 Mo. 604, 98 S. W. (2d) 659 (where the sale contract contained the usual provision for prorating taxes which recognizes this rule); White v. Stevens, 13 Mo. App. 240; Silvers, Missouri Titles, Section 193.] Likewise, in State ex rel. Waddell v. Johnson, 316 Mo. 21, 296 S. W. 806 (by the author of the McAnally opinion) we said: "The taxes in question became due and payable in 1920 and 1921, based on assessments of 1919 and 1920, and became a lien in favor of the state upon the land of appellants as of the first of June 1919 and 1920." In that case it was contended that these taxes were unenforceable because of the disorganization of the School District levying them, but we held that the liability for these taxes had been fixed previous to the disorganization. Our conclusion is that the state had at least an inchoate lien from June 1, 1943 for taxes due on this land in 1944 which became fixed in amount by relation back to that date after the assessment and levy was completed. [For discussion of this rule of relation back see 61 C. J. 924, Section 1175 and cases cited.] It may be noted that the rate of the state tax had been fixed prior to the assessment date by Section 11039, and that the rate of the blind pension tax had been so fixed by Section 9461. [See also Laws 1943, p. 1066.] Of course, if the state's lien for the entire tax due in 1944 attached as of June 1, 1943 there can be no proration of the tax. We, therefore, hold that plaintiff has no exemption from the taxes due in 1944 on the land involved nor any part thereof.

1034

The judgment is reversed and the cause remanded with directions to enter a judgment declaring the land to be liable for all of the taxes due in 1944 and subject to the state's lien therefor until paid. All concur.