In re Estate of JOHN D. POE, Deceased, ST. LOUIS UNION TRUST COMPANY, a Corporation, and JOHN S. POE, Executors, v. VIRGINIA D. POE, Appellant.—No. 39935.—201 S. W. (2d) 441.

Division One, April 21, 1947.

*Stephen C. Rogers* for appellant.

278

*Bryan, Cave, McPheeters & McRoberts* and *Edward A. Haid* for respondents.

DALTON, C.—This cause originated in the Probate Court of the City of St. Louis. Appellant, the widow of John D. Poe, deceased,

filed exceptions to the amended final settlement of the estate of John D. Poe, deceased, as filed by the respondents-executors. The exceptions being overruled, an appeal was taken to the Circuit Court of the City of St. Louis where the exceptions were again overruled and a like judgment entered. The cause was then appealed to this court.

John D. Poe died on February 26, 1943, leaving a will dated January 4, 1938, by which he made provision for his wife, Mary, and set up a trust estate of "all the rest, residue and remainder" of his estate for the benefit of his wife, his son, his half sister and others. His wife, Mary, and his half sister predeceased him, and he remarried and died without making provision for his second wife, Virginia Doerr Poe, appellant. It is admitted that testator was survived only by his son, John S. Poe, a legatee under the will; that testator died intestate as to appellant; and that appellant became entitled to dower in real and personal property of her deceased husband and to other statutory allowances. Respondents concede that the personal property of the estate "aggregated $85,162.00" and that the balance on hand at the first settlement, after allowed claims and expenses had been paid, amounted to $56,176.48. The real estate was inventoried at $65,080.00, but respondents agree that it has a value of $108,300.00 and appellant offered evidence that its reasonable value is $143,400.00.

In their final settlement, respondents took credit for real estate taxes paid in the sum of $1783.72. These taxes were assessed June 1, 1942, and were payable in 1943, the year of testator's death. Respondents further took credit for Federal estate taxes paid in the sum of $27,350.02 and proposd to distribute to appellant one-half of the net personal estate remaining after the payment of debts, taxes and the expenses of administration. Appellant refers to her proposed share as amounting to $11,561.76, but this figure appears to be in excess of the amount as determined from facts shown in the agreed statement of the case.

By the exceptions filed, appellant contended (1) that the real estate taxes in question were not payable out of or chargeable to personal property; and (2) that the Federal estate tax charge was improper because the interest of appellant was "not subject to such tax, the same being chargeable to the individual interests of the several beneficiaries and should be allocated." The exceptions were overruled and, when the order of distribution was entered, the Probate Court permitted respondents to reserve $750 to cover the cost of his appeal.

Appellant first contends that the statutory allowance to her as widow under Sec. 323 R. S. 1939 should come to her tax free; that the real estate taxes and the Federal estate taxes, mentioned, should have been paid out of the residuary estate; and that the court erred in permitting respondents to take credit for these items out of personal property before a determination of appellant's distributive share. Appellant further contends that "if the statutory allowances are not

tax free to her and are not payable out of the residuary estate, then the taxes, including the Federal estate taxes, should be allocated to the realty and not paid wholly out of the personalty.'' (All hereinafter references to sections are the Revised Statutes of Missouri, 1939, unless otherwise specified.)

Under Sec. 323, supra, appellant was ''entitled absolutely to a share in the personal estate belonging to the husband . . . at the time of his . . . death, equal to the share of a child.'' No reference is made in this section to the payment of debts, although the next two sections 324 and 325 contain such a provision. Under Sec. 107, the widow, in addition to the absolute property specified by Sec. 106, may select additional personal property ''not to exceed the appraised value of four hundred dollars.'' Section 108 provides that the widow shall apply for the property mentioned in the preceding section before its disposition or sale, and that such property ''shall be deducted from her dower in the personal estate, if there be any; *but* the property so delivered shall in no case be liable for the payment of the debts of the deceased.'' (Italics ours.)

In support of her contention that her ''dower in personal property'' is not subject to ''the husband's tax debts,'' appellant refers to Sec. 306, disposing of intestate real ▮▮▮ and personal property of a deceased person, ''subject to the payment of his debts and the widow's dower.'' The section, however, does not provide that ''dower in personal property'' under Sec. 323 is free of debts and taxes. On the other hand it has been held that, since the widow receives ''a share in the personal estate . . . equal to the share of a child,'' of necessity the widow's share is equally subject to debts. In re Bernays' Estate v. Major, 344 Mo. 135, 126 S. W. (2d) 209, 215; Howard v. Strode, 242 Mo. 210, 219, 146 S. W. 792; Cox v. Dunn, 3 Mo. App. 348. See, also, United States v. Waite, 33 F. (2d) 567, 573, certiorari denied 50 Sup. Ct. 157, 280 U. S. 608, 74 L. Ed. 651. In further support of her contention, appellant refers to Sections 4, 5, 6 and 7, p. 520, R. S. 1865 and presents an argument on the theory overruled in Cox. v. Dunn, supra. Appellant further argues that ''a husband's creditors' claims as a general rule are subordinate to dower''; that ''the right of dower is sacred''; that testator could not have defeated her rights under Sec. 323 by a will, so they should not be defeated by taxes; that ''the trend of courts . . . is towards absolving statutory allowances to the widow from debts inclusive of taxes''; that ''$20,000 is the amount allowed by statute to a widow as tax free'' under the state inheritance tax law (Sec. 576); and that that amount should be allowed appellant free from taxes.

As stated, the real estate taxes in question were assessed June 1, 1942 and were payable in 1943. These taxes were, therefore, a lien and a charge against the real estate of deceased prior to his death on February 26, 1943. St. Louis Provident Ass'n. v. Gruner, 355 Mo.

1030, 199 S. W. (2d) 409. A direct statutory provision required the payment of these taxes by the executors. Section 181; Riley v. Akin, 226 Mo. App. 735, 45 S. W. (2d) 122, 124. Payment necessarily had to be made from the personal estate in the hands of the executors. No authority had been granted to deal with the real estate of the deceased. Section 112 provides that "if the perishable goods be not sufficient to pay the debts, the executor or administrator shall, in the same manner sell other personal estate *until the debts* and legacies *be all paid,* but special legacies shall not be sold in any case, unless it becomes necessary for the payment of debts" (Italics ours). The sale of real estate for any purpose is authorized only in the event that the personal estate is insufficient. Sections 141 and 106. It is apparent that the public policy of this state as evidenced by the statutory enactments, supra, require the payment of debts, taxes and expenses of administration from the funds which have "come to the hands of such executor or administrator from all sources," until such funds are exhausted. Section 224. We hold that the real estate taxes in question were properly paid out of the personal assets in the hands of the respondents before the determination of appellant's dower in personal property under Sec. 323, supra, and that respondents-executors were entitled to take credit therefor in their final settlement. Woodruff v. Holmes, 328 Mo. 143, 40 S. W. (2d) 616, 619; Howard v. Strode, supra (242 Mo. 210, 219, 146 S. W. 792).

▆ The Federal estate tax referred to was assessed under the provision of a Federal Statute, 26 U. S. C. A. sec. 810, et seq., which imposed "an excise upon the transfer of an estate upon death of the owner. It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties, as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interests which ceased by reason of the death." Young Men's Christian Ass'n. v. Davis, 264 U. S. 47, 50, 44 Sup. Ct. 291, 68 L. Ed. 558, 560. In determining the value of the gross estate any interest of the surviving spouse "as dower, courtesy or by virtue of a statute creating an estate in lieu of dower or courtesy" is expressly included. 26 U. S. C. A. sec. 811 (b). "The statute does not tax the widow's dower, it merely uses it as a measure of that part of the deceased husband's interest in his realty which was beyond his testamentary control and which ceased at his death." Mayer v. Reinecke, ▆ 130 F. (2d) 350, 353. Even where the widow acquires a child's share by reason of her husband's death, a transfer and succession by death is consummated and the interest must be included in determining the tax. United States v. Waite, supra, (33 F. (2d) 567, 573); Fernandez v. Wiener, 326 U. S. 340, 66 Sup. Ct. 178, 90 L. Ed. 116, 131. The tax imposed is required to be paid by the executor to the collector. 26 U. S. C. A. sec. 822(b). Riggs v. Del Drago, 317 U. S. 95, 98, 63 Sup. Ct. 109, 87 L. Ed. 106, 111. The

purpose and intent is "that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution." 26 U. S. C. A. sec. 826(b). Provision for the collection of the tax was made in the event the tax was not so paid by the executor. 26 U. S. C. A. sec. 826. "Although the share of the surviving spouse is subject to the lien and the tax must be paid out of the estate as a whole, the federal statute leaves it to the states to determine how the tax burden shall be distributed among those who share in the taxed estate." Fernandez v. Wiener, supra (90 L. Ed. 116, 124). The tax is not a debt in a strict sense. Baumgartner v. Commissioner of Revenue, 51 F. (2d) 472, 473; Hampton's Administrators v. Hampton, 188 Ky. 199, 221 S. W. 496, 497). The tax is payable out of the whole estate and "the act does not designate or indicate out of what fund the tax is payable except that relating to insurance." Woodruff v. Holmes, supra, (328 Mo. 143, 40 S. W. (2d) 616, 619). It has been held that the legislative history of the act clearly indicates "that Congress intended that state law should determine the ultimate thrust of the tax; . . . resort must then be had to state law to determine whether personalty or realty, or general, demonstrative or special legacies abate first." Riggs v. Del Drago, supra, 317 U. S. 95, 98, 101. The Federal estate tax was a charge against the estate and was payable out of the estate. Woodruff v. Holmes, supra, (328 Mo. 143, 40 S. W. (2d) 616, 619). Also, see, Rogan v. Taylor, 136 F. (2d) 598, 600. It was in fact so paid by the executors out of the funds of the estate (personal property) in their hands.

Appellant's contention (that at least a pro rata part of the tax should be allocated to real estate) is argued as follows: (1) that the Federal statute provides a lien against both real estate and personalty to secure the payment of the tax (26 U. S. C. A. sec. 827; Baumgartner v. Commissioner of Internal Revenue, supra); (2) that a failure to apportion the tax will reduce her share of personalty below the $20,000 exemption allowed under the Missouri inheritance tax statute (Sec. 576); (3) that, if the tax is paid wholly out of the personal estate, "she would be paying the tax for the benefit of the residuary legatees, which is unjust, inequitable and down-right wrong"; and (4) that the theory of exhausting personal property before real estate "is representative of a feudal age when it was desirable to preserve intact the realty because of the appurtenant prestige and social advantage." (40 Col. Law Review, 690, 699). Appellant further points to the statutory law in New York (Sec. 124 of the New York Decedent Estate Law, requiring apportionment of Federal estate taxes among beneficiaries, when there is no direction by will), to the case law of Kentucky (Hampton's Administrators v. Hampton, supra), to the holding In re Bernheimer's Estate, 352 Mo. 91, 176 S. W. (2d) 15 (concerning the intention of the testator), and to the inheritance tax law of this state,

where the tax is imposed upon and collectible out of each specific share or interest.

We think the exceptions to the settlement were properly ruled. Respondents had never had any possession or control of testator's real estate, which passed directly to the devisees under the will (to the trustees of the trust estate), subject to the widow's dower under Sec. 318 and subject to being leased or sold for the benefit of creditors of the estate, if required. State, to Use of Enyart v. Doud, 216 Mo. App. 480, 269 S. W. 923, 924. The record further shows that the probate court had taken no jurisdiction of the real estate under Sec. 141 or otherwise, since the personal estate of the deceased had been entirely sufficient to pay debts. The devisees of the real estate had not been brought before the court under Sec. 143 or otherwise. The essential issue presented by appellant's exceptions to the settlement was to contest the right of the executors to take credit in their settlement for the funds so paid out for Federal estate taxes. The issue was presented between appellant, the widow, and respondents, the executors, that is, whether respondent's settlement of their administration of the estate was correct in the particulars excepted to. Browning v. Richardson, 186 Mo. 361, 382, 85 S. W. 518.

The proceedings in this cause, the parties here represented and the jurisdiction of the court itself are very different from that shown in many of the cases cited by appellant. Hampton's Administrators v. Hampton, 188 Ky. 199, 221 S. W. 496 (action in equity to determine where the Federal estate tax fell) ; In re Bernheimer's Estate v. Major, supra, (action for declaratory judgment and to construe will to determine which bequest should bear the Federal estate tax) ; Young Men's Christian Ass'n. v. Davis, supra (action in common pleas court of Franklin Co., Ohio, asking the directions of the court as to where the tax should fall).

Appellant insists that Bryant v. Green, 328 Mo. 1226, 44 S. W. (2d) 7 (an action and cross action at law between an administrator and the trustee of real estate in trust under the provision of a will to determine where the Federal estates taxes and other taxes should fall) has in effect been overruled in view of certain amendments and decisions. Appellant cites Steedman v. U. S., 63 Ct. Cl., 226, 233, certiorari denied 275 U. S. 528, 48 Sup. Ct. 20, 72 L. Ed. 408 and 26 U. S. C. A. secs. 810, 811, 826(d), 827. Appellant, however, elected not to proceed in equity in the Circuit Court with all of the parties in interest and the real estate in question before the court. Instead, appellant has proceeded by exceptions to respondents' amended final settlement, as stated, but appellant has pointed to no procedure under which respondents might have proceeded to apportion the Federal estate taxes or how they could have required the devisees of the real estate to bear any part of the tax. Whether the matter of apportionment of the tax is for the legislature or for the courts in a proper case is a matter we may not

determine in this proceeding. See 40 Col. Law Review 690, 701; Edwards v. Slocum, 264 U. S. 61, 44 Sup. Ct. 293, 68 L. Ed. 564, 565. We can only determine the issues presented on the record and we, therefore, hold that the respondents properly paid the Federal estate taxes from the personal assets under their possession and control; and that they were entitled to take credit therefor in their final settlement. Woodruff v. Holmes, supra. Also, see In re Roebling's Estate, 89 N. J. Eq. 163, 104 Atl. 295, 296.

Finally, appellant contends that the allowance of $750 to cover incidental costs of further litigation was improper because such litigation was not for the benefit of the estate. Appellant's theory is that the executors have no interest in who pays the tax; that the contest is between appellant and the residuary legatee; and that the trustees of the trust estate are "the proper parties to contest appellant's contentions, not the executors." As we have stated, the issue presented by the exceptions is essentially respondents' right to take credit for the payments that they were required to make and which they have made from the only funds in their hands or under their control. The trustees and heir at law, referred to by appellant, were not before the court in this proceeding. The contest here is not between appellant and the trustees and heir at law. The court did not err in approving the allowance. Jacobs v. Jacobs, 99 Mo. 427, 436, 12 S. W. 457, 460; In re Estate of Meeker v. Swift, 45 Mo. App. 186, 197.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.