## LINCOLN BANK & TRUST CO. et al.
## v. HUBER.

Court of Appeals of Kentucky.
May 29, 1951.

Alfred C. Krieger, Louis E. Ackerson, and Franklin S. Fitch, all of Louisville, for appellants.

Earl B. Fowler, Louisville, for appellee.

A. E. Funk, Atty. Gen., Hal Williams and William Scent, Assts. Atty. Gen., amicus curiae for Department of Revenue and another.

LATIMER, Justice.

Appellee, Bertha H. Huber, filed this declaratory judgment action to determine a question of taxation. Her husband, N. F. Huber, died testate on August 16, 1948. Under his will the Lincoln Bank and Trust Company was appointed and qualified as executor. Appellee renounced the provisions of the will. She filed this action to recover from the executor her statutory one-half interest in the surplus personalty left by the decedent without any reduction by reason of an apportionment of federal estate taxes based upon the decedent's taxable estate. The cause was submitted on the pleadings. Judgment was entered, in substance to the effect, that appellee's interest was not subject to any part of federal estate taxes and that the federal estate tax should be apportioned among the beneficiaries participating in the net taxable estate.

The defendants named in the action below were the executor, Lincoln Bank and Trust Company, and the children and heirs of the deceased, N. F. Huber.

Apparently all parties to the action are satisfied with the judgment of the court below but in order to obtain a final determination of the matter, the defendants below prosecute this appeal. It appears to be the contention of all the parties that since the share allotted to the surviving spouse by KRS 392.020 is not included in the taxable estate for federal estate tax purposes, that share should not have to bear any portion of the federal estate tax imposed upon the remainder of the estate.

■ We are not disposed to enter a discussion of the federal provisions relative to a marital deduction from the value of the gross estate in the determination of the tax value of the net estate. That is a matter to be determined entirely by the taxing authority directly concerned with that determination. It does appear, however, that under the provisions of Section 812, 26 U.S.C.A., the surviving spouse is entitled to deduct the statutory allotment before arriving at the net value of the estate for purposes of federal taxation. It is contended, however, that the state law will govern as to where the burden of the federal estate tax will ultimately rest. This contention is based upon the case of Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 110, 87 L.Ed. 106, 142 A.L.R. 1131, which involves the constitutionality of a New York statute which provided that, except as otherwise provided by decedent's will, the burden of any federal estate tax should be spread proportionately among the distributees or beneficiaries of the estate. That statute was held constitutional by the Supreme Court. It was said: "We are of opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax; * * *".

In support of the contention that the widow's share should not bear any portion of the federal estate tax, it is pointed out that this court has developed and maintained a rule of "equitable apportionment" relative to imposition of the federal estate tax, and that under this rule the widow's share in the present case should not bear any portion of the estate tax. In Hampton's Adm'rs v. Hampton, 188 Ky. 199, 221 S.W. 496, 497, 10 A.L.R. 515, a suit was filed to determine out of what portions of the estate the estate tax should be paid. The lower court held that the estate tax was payable before distribution, and that there should be deducted from the personal property going to the widow such proportion of the entire estate tax as the value of all the property allotted to

her bore to the entire estate. The judgment was affirmed. This court said: " * * we cannot escape the conclusion that Congress did not intend to discriminate between the [widow] heirs and distributees, but intended that every portion of the estate should bear its proportionate part of the tax, subject, however, to the right of the decedent to provide by will out of what portion of his estate the tax should be paid."

In Trimble v. Hatcher's Ex'rs, 295 Ky. 178, 173 S.W.2d 985, 988, in speaking of the Hampton case we said: "We concluded that the federal law did not intend to discriminate between the widow, heirs and distributees, but that all the taxable estate should bear its proportionate part, * *."

In Martin v. Martin's Adm'r, 283 Ky. 513, 142 S.W.2d 164, 167, we had before us the question as to whether or not the burden of the estate tax should be borne equally among the beneficiaries or whether the tax should be borne exclusively by the personalty. The Hampton opinion was followed there wherein we said: ." * * * we conclude that in the absence of specific direction to the contrary justice requires that all classes of beneficiaries participating in the net value of the estate left after the federal tax is satisfied and deducted should, as between themselves, bear their just proportion of it."

■ However, it is noted that the above cited cases were decided prior to the 1948 federal statute cited above. Since the passage of the statute, we have before us the case of In re Peters' Will, Sur., 88 N.Y.S.2d 142, 147, wherein this question was discussed and decided. The court there, speaking of "marital deductions" in connection with 26 U.S.C.A. § 812(e) above cited, said:

"Its purpose is to allow · a surviving spouse to take a certain portion of the estate free of Federal estate taxes. * *

"I believe that the marital deduction now allowed by Section 812(e) Internal Revenue Code is substantially in the same category as the charitable deduction allowed by Section 812(d) of the Code, * * * and that just as a charitable bequest is free

of Federal estate taxes so is a widow's intestate share * * *." It was held that the widow's share would be burdened only with a portion of the state estate tax but not a portion of the federal estate tax.

■ It appears to us that the apparent purpose behind the enactment of the U. S. Code above was to equalize the estate tax in non-community property states, with that of community property states, and to prepare the way for elimination from the tax burden all those whose legacies or allotments do not create or add to the tax.

■ Under the authority of In re Peters above, we conclude that if the marital allotment is a deductible item before arriving at the net taxable estate, and since that item does not add to the tax, it can not be burdened with any portion of the federal estate tax. The surviving spouse, therefore, should receive her share undiminished by any federal estate tax.

The court below properly so held. The judgment is affirmed.