**UNITED STATES of America,**
**Appellant,**

v.

**TRADERS NATIONAL BANK OF KANSAS CITY, Executor of the Estate of James Oliver Miller, Deceased, Appellee.**

**No. 15782.**

United States Court of Appeals
Eighth Circuit.

Oct. 18, 1957.

Louise Foster, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., John N. Stull and Harry Baum, Attys., Dept. of Justice, Washington, D. C., and Edward L. Scheufler, U. S. Atty., Kansas City, Mo., were with him on the brief), for appellant.

John B. Gage, Kansas City, Mo. (Jess W. Van Ert and Gage, Hillix, Moore & Park, Kansas City, Mo., were with him on the brief), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The executor of the estate of James Oliver Miller, late of Kansas City, Missouri, who died testate leaving his widow, Mrs. Myrtle L. Humphrey Miller, and an adult son by a former marriage surviving him, brought this action under 28 United States Code, § 1291, to recover a deficiency in federal estate tax alleged to have been wrongfully assessed, which was paid out of the funds of the estate. The controversy arose out of the application of Section 812(e) of the 1939 Internal Revenue Code, 26 U.S.C. § 812(e), which allows a deduction from federal estate tax, referred to as a "marital deduction", to be made from the amount of a decedent's gross taxable estate on account of property in the estate passing to the surviving spouse.

The widow had elected under the provisions of the Missouri law of descent and distribution not to take under the will and, secondly, to take the cash value of the dower and homestead interests measured, as provided in the Missouri law, by her life expectancy. The share of the widow in the estate was one-half of the personal property plus the cash value of the dower and homestead interests computed as stated, amounting altogether to 37.13 per cent of the value of the gross estate.

In arriving at the deficiency in the federal estate tax, the Commissioner refused to include the commuted and substituted value of the dower and homestead interest taken by the widow in his computation of the marital deduction.

The amount of the "marital deduction" is affected by the amount of federal estate tax attributed to the interest passing to the surviving spouse. See 812(e) (1) (E) and because, under Missouri law, taxes, including federal estate taxes, are payable out of the personal property of the estate, where as in this case such property is sufficient, the Commissioner attributed 50 per cent of the tax to the widow's share. The taxpayer contended that as the tax is on the whole estate and the widow's share is only 37.13 per cent thereof, equitable apportionment at that percentage should have been made.

On the trial of the case the district court rendered judgment in favor of the taxpayer in accordance with the opinion reported at 148 F.Supp. 278.

The facts were stipulated and are fully set forth in the opinion which also cites all applicable provisions of the state and federal statutes together with the regulations claimed to be applicable.

The government appeals and the following two questions, which were fully considered and passed on by the district court, are again presented here:

First, whether in computing the marital deduction allowable under Section 812(e) of the 1939 Internal Revenue Code there may be included the commuted value of the dower and homestead interest which the widow elected to take pursuant to Missouri law.[1]

Second, whether under the admittedly applicable Missouri law the widow's proportionate share of the federal estate tax burden (which must be subtracted from her interest in computing the marital deduction) is to be based upon her 50 per cent interest in the decedent's personalty as determined by the Commissioner, or upon her 37.13 per cent interest in all of decedent's property (realty and personalty) as contended for the estate.

First Question.

■ The applicable Code Section 812 (e) provides that for the purpose of computing the net value of the estate of a decedent for federal estate tax, a deduc-

---

1. The appellee treats the question as to the dower interest and the question as to the homestead interest separately so as to make three questions, but we think the same principles govern decision as to both dower and homestead in this case.

tion is to be made, known as the "marital deduction", the amount of which may equal the value of any interest which passes from the decedent to the surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. Interests in property which may be considered as passing from the decedent include only (1) those which are devised or bequeathed by decedent (2) those which are inherited from decedent and (3) those classified as dower or curtesy interests or statutory interests in lieu thereof. But no marital deduction shall be allowed as to a "Life Estate or other Terminable Interest" where such an interest passing to the surviving spouse will terminate or fail upon the lapse of time, the occurrence of an event or contingency, or the failure of an event or contingency, or the failure of an event or contingency to occur—

(i) if an interest in such property passes * * * from the decedent to any person other than such surviving spouse * * *

(ii) if by reason of such passing such person * * * may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse:

Accordingly, the answer to the first question depends on whether the portions of the estate that passed to the widow under the Missouri law of descent and distribution governing dower and homestead and the substitutions taken by the widow should or should not be held "terminable interest."

The district court upon elaborate consideration concluded that [148 F.Supp. 283] "the commuted value of dower and homestead under the then existing laws of Missouri was an absolute right which was vested in the widow as a marital deduction, and was not, as contended by the Government, a subsequent conversion of a terminable interest."

It was and is contended for the government that a different conclusion should follow from Section 81.47(d) of Regulation 105, as added by Treasury Decision 5699 and particularly the example illustrating the regulation quoted by the district court at page 232 [148 F.Supp.] in [3]. But we find no error in the reasoning or conclusion of the district court in respect to the first question. As to the example relied on, its assumed premise that a terminable interest in property in the estate of the husband passed to the wife and that she divested herself thereof by contract, plainly differentiates it from the case at bar. Here, as the district court rightly declared, the interest the widow took, as opposed to the terminable dower interest which she might have taken, was absolutely vested by reason of the statute and was a non-terminable interest, namely, cash money belonging absolutely to her.

## Second Question.

■ The second way in which the Commissioner determined that the claimed marital deduction should be reduced was by subtracting 50 per cent of the estate tax, assessed and paid by the executor, from the total amount of the widow's interest.

Section 812(e) (1) (E) provides that in the determination of the value of any property interest which passed from the decedent to his surviving spouse there shall be taken into account the effect which the federal estate tax has upon the net value to the surviving spouse of such property interest and it was not disputed on the trial that some portion of the federal estate tax was attributable to the widow's share. Merchants National Bank & Trust Co. of Indianapolis v. United States, 7 Cir., 246 F.2d 410; Thompson v. Wiseman, 10 Cir., 233 F.2d 734.

The Commissioner fixed the amount of the subtraction at 50 per cent of the estate tax because the widow was entitled to one-half of the decedent's personal property and personal property is the property out of which taxes, including the federal estate tax, must be paid under Missouri law when, as in this case, the personal property is sufficient. In re Estate of Poe, 356 Mo. 276, 201 S.W.2d 441.

The taxpayer contended that the subtraction should amount to only 37.13 per cent of the estate tax because the tax was on the whole estate and the widow was entitled to receive only that percentage of it and in equity and good conscience the subtraction ought to be related to the percentage of the estate she took rather than to her percentage of the personalty.

It is admitted and the court held that the question must be determined in accordance with the law of Missouri, Riggs v. Del Drago, 317 U.S. 95, 98–101, 63 S.Ct. 109, 87 L.Ed. 106, and there being no directly controlling statute, the decisions of the state court must be looked to. The government insisted that the following cases compel decision that the Commissioner's subtraction of 50 per cent was required by Missouri law: In re Holmes Estate, 328 Mo. 143, 40 S.W.2d 616; Saracino v. St. Louis Union Trust Company, Mo., 245 S.W.2d 600, and In re Estate of Poe, 356 Mo. 276, 201 S.W. 2d 441. But on analysis of those cases the district court held that they were not conclusive and that it should apply the reasoning of the Supreme Court of Missouri in the later case of Carpenter v. Carpenter, 1954, 364 Mo. 782, 267 S.W.2d 632. The state Supreme Court there declared, upon the facts presented, that as to the matter of equitable contribution or apportionment, generally, it would follow the rule enforced in many states and in the absence of a statute would apply this doctrine of equitable apportionment in Missouri. The district court accordingly "considering this as indicative of Missouri law at this time" and "applying the equitable contribution doctrine to the case at hand" concluded that reduction [of marital deduction] attributable to the widow's share of the estate should be on the basis of 37.13 per cent of the estate instead of the 50 per cent applied by the Commissioner.

Our own study of the Missouri decisions has not shown that the district court was mistaken in its appraisal of the Missouri law. It does appear that the Missouri court has long and firmly held to the rule that taxes due from an estate in Missouri are payable out of the personal property (where sufficient) even where it is claimed "inequalities result" and the rule includes federal estate taxes. But it must be conceded that the particular question here presented concerning the computation of a "marital deduction" to be made from federal estate tax and of the percentage of the tax that should be attributed to the share of the estate the widow has received, has not been directly passed on by the Supreme Court of Missouri. The Carpenter case relied on by the district court and cited in support of the judgment did not involve the same facts involved here, or present precisely the same question. But it did establish, as the district court observed, that when the Supreme Court of Missouri was confronted with the question whether a federal estate tax assessed against the whole estate consisting of both non-testamentary property and probate property should be apportioned or attributed entirely to the probate estate, the Supreme Court concluded that it could and it did make the apportionment upon equitable principles according to the interests that had passed on the death of the decedent and did subject the entire estate to federal estate tax, including both non-testamentary and probate property. The second question in this case is sufficiently analogous to that considered and answered by the Missouri Supreme Court in the Carpenter case to justify the district Court's reliance upon that decision to the extent that it found exception to the rule of relating the tax entirely to the personal property.

Our conclusion is that the district court reached a conclusion not in conflict with any controlling Missouri decision and one we may reasonably believe the Supreme Court of Missouri would or might reach. Milwaukee Insurance Company v. Kogen, 8 Cir., 240 F.2d 613, 615.

Affirmed.