## Dawson et al. v. Gaines.

Jan. 9, 1945.

Orie S. Ware, Edwin R. Gentry and Fritz Krueger for appellants.

Allen Prewitt for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD -- Reversing.

Mattie C. Noel died leaving a will containing monetary bequests and specific devises aggregating $114,277.50, of which bequests, $70,195.50 were of the type characterized as ''religious'' and ''charitable.'' The will contained no residuary clause; and this litigation, inaugurated by the administratrix to secure a declaration of rights; involves the single question, whether the Federal estate tax should be prorated among the heirs at law and the legatees and devisees other than the recipients of ''religious'' and ''charitable'' bequests, or whether it should be paid wholly out of that portion of the estate, approximately $46,000, which will pass to the heirs as intestate property. The Chancellor adjudged that the legatees and devisees, other than the recipients of the ''religious'' and ''charitable'' bequests, together with the heirs at law, should be charged with the tax proportionately; and the legatees and devisees required to contribute have appealed.

The will was written by the testatrix and contained no statement indicating that she was aware that after payment of the specific bequests and costs of administration any portion of her estate would remain for distribution among her heirs. The impression that she did not contemplate dying intestate as to any portion of her estate is strengthened by the fact that her major asset consisted of her farm and residence which had to be sold in order to pay the monetary legacies, and the further fact that she disposed of what, as far as the record shows, was her entire personal estate, including jewelry and furniture, by specific bequests. But, if we are mistaken in our belief that the testatrix did not contemplate that a portion of her estate would go to her heirs other than those who may have been given specific bequests by her will, it does not follow that she intended to increase the amounts which her heirs, as such, would receive, by casting any portion of the tax burden upon those institutions and individuals whom the will shows were the special objects of her bounty. The record does not disclose the names or degree of relationship of any of the heirs at law other than those named as specific beneficiaries in the will; and while we have no means of meas-

uring the state of her affection for those not so named, the fact that she made no provision for them negatives the idea that they were objects of her solicitude.

Appellants argue, and we think correctly, that certain expressions in the concluding paragraphs of the will show clearly that it was the intention of the testatrix that her named beneficiaries should receive their gifts in full. The paragraphs referred to are as follows:

"Wherein, I don't owe anything now. All my expenses must be paid. First of all name Mattie C. Noel I want put on monument under Mr. Noel's name and head stone like his. I would like Jim Saffell to attend this head stone and writing and pay him 200 in cash for attending to it. After this is attended to, things must come as they are written paid in full. I want the farm sold in reasonable time not to sacrifice if possible. I would like all closed in two years.

"No one mentioned in this will has any right to anything except what I give them. Should anyone mentioned therein attempt to break this will or be disagreeable—they are to be cut out entirely. No relative outside of this will has any right to anything I have unless I give it."

Appellee contends that the statement, "After this is attended to, things must come as they are written paid in full," meant no more than that the specific bequests and devises, other than the "religious" and "charitable" bequests which she obviously deemed of paramount importance, should be paid in the order in which they are stated in the will, rather than abated pro rata in the event the estate proved insufficient to carry out all the provisions of the will. Appellee also contends that the sole meaning of the statement, "No one mentioned in this will has any right to anything except what I give them," read in connection with the remainder of the paragraph which it opens, is plainly only a part of the anti-contest provision and has no other significance. But, considering all of the factors heretofore enumerated, the meaning of the quoted paragraphs cannot be so lightly pushed aside. Doubtless testatrix intended that the matter of the monument and headstone was to be attended to first of all, but there can be no reasonable doubt from the language which she employed that the specific bequests were to be paid in full before anyone else was to receive anything.

Also, we attach great significance to the statement, "All my expenses must be paid," following, as it does, the statement, "Wherein I don't owe anything now." Surely, testatrix could not have intended that if a portion of her estate should remain unconsumed after the payment of the specific bequests, the costs of administration which she obviously contemplated were included within the "expenses" which she directed must be paid, should be charged in part against her specific legatees and devises. The same is true with respect to the Federal estate tax which she in all probability regarded as part of the costs of administration if she was aware of it at all. We are of the opinion, therefore, that the will as a whole manifests an intention to effectuate which necessitates that the Federal estate tax be paid out of that portion of the estate remaining undistributed after the payment of the specific bequests.

Since we have concluded that the tax should be paid out of the residue of the estate, it is unnecessary to discuss either the majority rule that the burden of the Federal estate tax should be charged against the general estate or its residue except where there is a contrary direction found in the will or a state statute, or our own decisions which appellants urge us to overrule to the effect that in the absence of such a direction, and in cases of intestacy, the tax should be borne by the beneficiaries in proportion to the benefits received. See Hampton's Adm'rs v. Hampton, 188 Ky. 199, 221 S. W. 496, 10 A. L. R. 515; Martin et al. v. Martin's Adm'r et al., 283 Ky. 513, 142 S. W. 2d 164; Trimble et al. v. Hatcher's Ex'rs, 295 Ky. 178, 173 S. W. 2d 985.

Judgment reversed.