## Louisville Trust Co. v. Walter et al.

March 2, 1948.

W. Scott Miller, Judge.

Woodward, Dawson, Hobson & Fulton for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming in part, reversing in part.

William Mann died testate in February 1946. The Louisville Trust Company qualified as executor and trustee, and took charge of the estate, which we gather from briefs was of fair proportions. There arose disagreement as to the meaning of portions of the will in so far as it related to duties of the fiduciary and rights of the devisees and some relatives, who were not named as beneficiaries. In order to settle one question, action for declaration of rights was begun by three nephews who laid claim to lapsed legacies.

Testator was unmarried, leaving at his death and nearest of kin, four nephews, Lewis and W. R. Walter, John Mann, plaintiffs, and William Mann. Two sisters named as beneficiaries predeceased testator. There were no appreciable debts against the estate, except the questioned claim of testator's housekeeper, who presented a check for $6,000 dated some months prior to testator's death, not here in issue.

By clause 2 of his will testator devised to a sister, Rosa Mann, his home in Louisville and all household effects therein. A codicil changed the latter part of the bequest and gave these (said in pleadings to be of small value) to Ruby Mann and Carrie Griffith, and which had been agreeably divided, none of this property coming to the hands of the executor.

Testator devised the residue of his property to the trustee with directions to pay the income to two sisters during life. After their deaths $10,000 was to go to the nephew William Mann, $3,000 to Kosair Crippled Children's Hospital and $5,000 each to five other designated charitable institutions; the residue of the trust was bequeathed to the nephew William Mann for life, at his death to the University of Louisville. The question presented in the original petition related to the devise to Rosa Mann of the residence property. Under the will the testator gave the executor unlimited power to sell any real or personal property belonging to his estate. Under that authority the executor had sold the real estate for $13,000, said to have been the highest price obtainable, the proceeds from which, aside from

charges incident, it was holding. One question propounded to the court was whether or not this lapsed legacy became undevised property with the right of the four nephews to take title, or have the equitable right to the proceeds, each an undivided one-fourth.

Following the petition, the fiduciary filed answer, counterclaim, and cross-petition against its codefendant, William Mann. It took the position that William Mann did not die intestate as to the household property bequeathed under Clause 2 of the will. This is true since the codicil disposed of it otherwise. It also plead its power to sell, and the sale of the home or residence property at a fair price, about which there is contention. After stating that there was controversy in respect of the following matters, the chancellor was called upon to enter a judgment declaring:

(1) That the proceeds of the sale being undevised property are primarily liable for the payment (a) of all debts and obligations of William Mann; (b) all taxes against the estate including those accrued at the time of his death; state inheritance and federal estate taxes, and (c) administration expenses including fees of the executor and its counsel, and costs of litigation.

It was asked that the court declare whether the inheritance tax imposed by virtue of the bequest of the household furnishings to Mrs. Griffith and Mrs. Mann, and the bequest of $1,000 to Mrs. Griffith are payable by the beneficiaries, or primarily from the undevised estate. (2) Whether the inheritance tax payable by virtue of the $10,000 devise to William Mann, following the death of the two sisters, under the residuary (trust) clause, is payable by the beneficiary, or from the undevised property. (3) Whether the inheritance tax payable by virtue of the bequest to William Mann of the residue in trust to him, and at his death to the University, should be paid by the beneficiary or from the proceeds of the sale of the undevised property. Still later the Trust Company amended its pleading, stating that the Crippled Children's Hospital and five other institutions are purely charitable institutions, and the University an educational institution, all exempt under the law from payment of inheritance taxes.

Upon submission the chancellor, who no doubt had

the will before him, and which, as we read the briefs of counsel, would have been helpful to this court, in so far as the questions discussed are concerned, declared:

(1) That the undevised property passed in equal shares to the four nephews. (2) The will vested the executor with full power to sell the residence property. The household furnishings were not undevised property. (3) That the proceeds of the sale of the residence are primarily liable for (a) all debts and obligations of testator; (b) taxes against the estate, including those accrued at the time of testator's death, or federal estate taxes, or other taxes due from said estate, except state inheritance taxes; (c) all expenses of administration, including fees of executor and counsel, and costs of litigation.

(4) Inheritance taxes, if any imposed, by virtue of the bequest of household furnishings to Mrs. Mann and Mrs. Griffith, and the $1,000 to the latter, and the bequest of $10,000 to William Mann are to be paid by each beneficiary, and not from the undevised property. As to the bequest of the residue after charitable and educational bequests, with the remainder to the University, judgment directed payment from "the residue to be deducted from the whole thereof."

There is no controversy as to the sale of the residence and as to the right of the nephews to take the proceeds, nor could there be under Sec. 394.500, KRS. In fact the questions discussed relate mainly to payment and final burden of inheritance and estate taxes, with some complaint of the ruling requiring debts of the testator, costs, etc., to be paid from the proceeds of sale of undisposed of property, appellee taking the position that the Court was in error in thus holding.

Appellant contends that as the Court held that estate taxes should be paid from proceeds of the sale of the residence, it should be held that inheritance taxes should be paid from the same source, thus carrying out the intention of the testator to favor his selected beneficiaries, and because the policy of the law is to exempt charitable and educational institutions, and if not applied the result would be to tax whatever fund might be left of the trust for the benefit of the University.

Appellee contends that the court was in error in holding that the debts of decedent, costs, etc., and Federal estate taxes, should be paid from the proceeds of sale of the undevised property, and that the ruling as to payment and burden of inheritance is correct. Appellant states concern relative to the items of taxes on bequests of household furnishings, the $1,000 to Mrs. Griffith, the $10,000 bequest to William Mann, and the bequest of the trust residue to him, and the question of exemption on the remainder to the University.

There seems to be no room for discussion of the propriety of the court's ruling to the effect that debts of the decedent, costs of administration, etc., should be paid from undevised property. This ruling and the reasons appear in numerous cases of long standing: Trumbo v. Sorrency, 3 T. B. Mon. 284, 16 Am. Dec. 103; Highbaugh v. Highbaugh's Ex'r, Ky., 1 S. W. 422; Davie v. Allen's Ex'rs, 198 Ky. 669, 249 S. W. 1013; Greenway v. Irvine's Ex'r, 234 Ky. 597, 28 S. W. 2d 760; Northcutt's Ex'r v. Farmers N. Bank, 292 Ky. 628, 166 S. W. 971, 144 A. L. R. 472. In none of these cases, however, does it appear that the question of payment or burden of inheritance or estate taxes was involved, though it was considered in McLeod v. Andrews, 303 Ky. 46, 196 S. W. 2d 473. While appellant cites that case as being conclusive, or at least persuasive, we are of the opinion that it is neither, since the inclusion of such taxes, along with debts, costs, etc., in the undisposed of fund, turned on the expressed intention in the will of testatrix, and the particular way in which the question was presented.

There should be and is very little doubt as to the chancellor's ruling as to the payment and burden of inheritance taxes. Sec. 140.110, KRS, imposes the tax when any person becomes beneficially entitled to any property in possession or expectancy. Section 140.120, KRS, makes the personal representative and all beneficiaries liable for the tax. If paid by the fiduciary he must recover from the beneficiary, devisee or donee. Sec. 140.220 directs the fiduciary not to deliver the property until he has collected the tax. The question of the character of the tax has been before this court many times. Soon after the passage of the original act, in Booth's Ex'rs v. Com., 130 Ky. 88, 113 S. W. 61, 33 L.

R. A., N. S., 592, we held that the law created an excise tax on the right of succession to property, and adhered to the ruling in Martin v. Storrs, 277 Ky. 199, 126 S. W. 2d 445, saying that the tax was on the privilege of receiving property after a decedent's death; a tax upon the passage of title to the beneficiary. Therefore, it clearly appears the court was correct in his ruling that they be paid from the part of the property devised (and undevised) going to each beneficiary, devisee or legatee.

The chancellor correctly ruled that the tax by virtue of the bequest to William Mann of the residue of trust should be paid from the whole of the residue and not from undevised property. Appellant states (and it is our only source of information), that the principal inheritance tax falls on the life estate devised to William and will be deducted from the property in remainder to the University. The objection here is that such an allocation of the tax would result in payment of the tax or part of it by the exempted University.

Section 140.230, KRS, provides substantially that when an interest in property is less than a fee, with remainder to others, the personal representative shall deduct the tax from the whole property "thus devised or bequeathed," and in Grainger's Ex'rs v. Pennebaker, 247 Ky. 324, 56 S. W. 2d 1007, where the will created a life estate with remainder in trust, we said the tax on both interests was to be paid out of the corpus of the trust fund. It appears that the law takes care of the situation where the tax is so paid, and the remainder interest passes to a person whose interest is taxable at a lower rate, or to a corporation exempt from taxation; KRS 140.110 provides in such instances the method of recovery or refunding.

We now consider what we take to be appellant's position that the Federal estate taxes were properly directed to be paid from the undevised property, and that the inheritance tax should fall the same way. We have already shown that the inheritance taxes should be finally borne by the beneficiaries. We agree with appellee in his contention that the chancellor erroneously held that Federal estate taxes should be paid from the proceeds of the sale of undevised property, and aside from

762

our opinion in the McLeod-Andrews case, which is distinguishable, none of our opinions has so held.

That the Federal estate tax is payable from the estate as a whole, not from residuary is made clear by the Supreme Court's recent opinion in Riggs v. Del Drago, 317 U. S. 95, 63 S. Ct. 109, 87 L. Ed. 106, 142 A. L. R. 1131. The court there construed the estate tax statutes with relation to the primary payment, refusing as the court had theretofore done, to enter the field of determining the "final thrust" of the tax. The test was the constitutionality of a New York law which provided that unless the will directed otherwise the burden of the tax should be spread proportionately among the distributees or beneficiaries of the estate. The contention was that the New York law was unconstitutional because in conflict with the Federal law. The Court held the Act constitutional, and in so holding, by inference at least, indicated that the final thrust should be on the distributee or beneficiary, though still holding that the burden should be fixed by State statute, or expressed intention in the will.

Counsel for appellant points to three decisions wherein we have held in accord with the Riggs case as to initial payment, and that as between the heirs or beneficiaries each is required to pay in proportion to the value received by them. Hampton's Adm'r v. Hampton, 188 Ky. 199, 221 S. W. 496, 10 A. L. R. 515; Martin v. Martin's Adm'r, 283 Ky. 513, 142 S. W. 2d 164; Trimble v. Hatcher's Ex'rs, 295 Ky. 178, 173 S. W. 2d 985. Appellee agrees that our application of the law was correct in those cases, and we see no reason now to depart from the rulings, nor do we find it necessary to refer to them further.

Upon careful consideration we are of the opinion that the Chancellor was in error in decreeing that the Federal estate tax was to be paid, as we take it not only primarily but finally, from the proceeds of the undevised property; in other respects he correctly ruled. The result is that the judgment should be affirmed in part and reversed in part, and the cause remanded for judgment in conformity with this opinion. The costs in this court to be paid by executor and trustee.

Affirmed in part; reversed in part.