# Gunn v. Sutherland.

November 29, 1949.

Robert F. Matthews for appellant.

Marshall A. Dawson for intervening petitioners.

Evan McCord, guardian ad litem, for appellee.

JUDGE KNIGHT—Reversing.

This suit was brought by appellant as guardian against her ward under the provisions of Sec. 489(8) of the Civil Code of Practice seeking the approval of the court for the sale of certain property belonging to the infant, as authorized by that section of the Code. Approval of the proposed sale was refused by the Chancellor and this appeal is prosecuted from that judgment.

## Facts in the Case

Thomas H. Sutherland died testate a resident of Woodford County on January 19, 1949. Under the terms of his will he bequeathed to his wife, Pearl Sutherland, all his property, real and personal, during her life or widowhood. Upon her marriage or death the will provided that his seven sons should receive, share and share alike, all land, stock, tools, implements and farm machinery, the will specifically stating that Virginia Ann (a granddaughter) should receive the share of her deceased father, Dan Sutherland, one of the seven sons. The will further provided that upon marriage or death of the widow testator's three daughters should receive $500 each and the balance of the cash should be divided equally between his sons and daughters.

At the time of his death deceased owned three tracts of land, identified in this record as the "Home Place" containing 126 acres, of which he was sole owner, the "Wynn Place" containing 56 acres, in which he owned a three-fourths interest, and the "Troy Place" containing about 197 acres, in which he owned an undivided one-half interest. In addition to the above, he

still had title to a one acre tract which before his death he had contracted to sell to one of his sons on a deferred payment plan and on which there is still due the sum of $1100 on the purchase price.

Appellant, mother of the infant granddaughter, Virginia Ann Sutherland, appellee, duly qualified as her guardian in the Shelby County Court and as such guardian entered into a contract with the widow and the nine living children of the decedent. The administrator of decedent's estate was also a party to this contract. Under the terms of this contract, dated May 6, 1949, the guardian, for a consideration of $6000 cash payable upon execution of the deed, agreed to convey to the widow and nine living children all her ward's interest in the real estate owned by deceased at the time of his death. It also provided that for a further consideration of $2400 cash to be paid by the administrator of decedent's estate, she would sell and give a receipt in full for her ward's interest in the personal estate of the deceased. It further provided that the widow, Pearl Sutherland, would pay to the guardian for her ward the sum of $2600 as a gift, representing approximately one-tenth of the share of the said widow in the estate. Under this contract the guardian would receive the total sum of $11,000 for her ward's interest in the estate, real and personal, of her deceased grandfather. Out of this sum, however, the guardian was to pay for the costs of this suit, including her attorney's fee, and would be responsible for her ward's proportionate inheritance tax, estate tax and income tax. Finally the contract provided that all matters agreed on were interdependent and unless the guardian receives the total sum of $11,000 on behalf of her ward, then the contract shall have no effect.

These facts are all set out in the petition which further states that the sale of the infant's property at this time while farm prices are high would be advantageous; that a sale of the property at this time would supply funds to enable the ward to complete her education by attending college which she would be unable to do without said funds.

### Answer of Guardian Ad Litem

The duly appointed guardian ad litem filed an

answer on behalf of the infant in which he stated that the sale under the contract should not be approved for the following reasons: (1) that the sale includes the infant's interest in the personal estate of the decedent as well as her interest in the real estate and is therefore outside the scope of Sec. 489(8) of the Civil Code of Practice; (2) that the proposed sale for $11,000 does not represent the net sale price since the contract provides that the infant will have to bear her pro rata share of the estate, inheritance and income taxes, the amount of which is unknown; (3) the time which the widow has to renounce the will has not elapsed and it is not known whether the infant's interest in the land is a remainder interest or a fee simple.

## The Judgment

The Chancellor gave no written opinion but in the judgment he gives these two reasons for denying approval of the sale: (1) that the answer of the guardian ad litem makes a sufficient defense to the petition; (2) that the consideration for the infant's share in the real estate is inadequate.

If the first reason given in the above judgment was based on objections No. 1 and No. 2 set out in the answer of the guardian ad litem, we are of the opinion that it is not well taken. We agree with the guardian ad litem that Sec. 489(8) of the Civil Code of Practice applies only to the sale of real estate and that the sale of personal property is not within its scope. The sale of the personal property of the ward by the guardian is not authorized under that section of the Code, but under her general powers, and her liability for an improper sale would be covered by her general bond. We think authority for the sale of the personal estate was combined in this suit because of the all-inclusive contract between the guardian, the widow and other heirs which provided that all its parts were interdependent and none of it should be effective unless all of it was. As we see it, a sale of the personal property is not being sought under the section of the Code above referred to, but instead, that the approval of the court is being sought for what is in effect a private sale of the personal property under the general powers of the guardian.

Neither do we think the sale of the infant's share

should be denied merely because her pro-rata share of the estate, inheritance and income taxes, if any, must be paid out of her share. It is well settled in this state that estate and inheritance taxes are to be paid out of the share of each legatee, devisee or heir-at-law. McKinney v. Mt. Sterling Nat. Bank, 310 Ky. 186, 220 S. W. 2d 379, and cases therein cited.

The third ground relied on by the guardian ad litem presents a more serious question. There is no question but that the remainder interest which the infant has is such interest in real estate as can be sold under this section of the Code. The important question is whether the infant's interest would be better served by selling its share of the estate under the terms of this contract or by waiting until after the time when the widow may renounce the will. It is a well established rule in this state that the remainder is precipitated by the renunciation of the will by the widow, who is given a life estate, and that it takes effect immediately as of the date of such renunciation. Postponement of enjoyment of the remainder is only for the purpose of letting in the particular estate and upon the elimination of that estate in any manner at all, the remainder vests in possession. Breckinridge v. Breckinridge's Ex'rs., 264 Ky. 82, 94 S. W. 2d 283, and cases therein cited.

The present value of the infant's share of this estate, real and personal, is approximately $8569.64, as shown by the proof, and for that interest the guardian is receiving $11,000 under the contract. Should the widow renounce the will the infant's share would increase somewhat in value, approximately a thousand dollars, but that would still be far less than the $2600 bonus or gift which she would receive under this contract. It must also be remembered that if the widow renounces the will and the estate becomes a vested one in possession the other heirs could force a sale for division under Section 490(2) of the Civil Code of Practice. What the share of the infant would bring under a forced sale of this kind is uncertain.

Under these circumstances we cannot agree with the Chancellor that the sale price of $11,000 for the entire interest of the infant, now worth approximately $8569, is inadequate.

Looking, as we should, at what appears to be the best interest of the infant, we are of the opinion that the sale of the infant's property under the proposed contract would be to the definite advantage of the infant and that the Chancellor should have approved it. The judgment is accordingly reversed with directions to enter one in accordance herewith.