# MERCER GENERAL HOSPITAL, Inc. et al. v. HARDIN.

Court of Appeals of Kentucky.
Feb. 29, 1952.

Chenault Huguely, Henry G. Sandifer, Danville, Phillips & Dean, Harrodsburg, for appellants.

F. Douglas Curry, Harrodsburg, for appellee.

MOREMEN, Justice.

Judge Charles A. Hardin died, testate, in 1951. He directed the payment of specific bequests and allowable deductions, and bequeathed the residue of his estate to State Bank and Trust Company of Harrodsburg in trust for the use and benefit of Charles Allin Hardin, a great-nephew, during his natural life and, upon his death, the trustee was authorized to turn over to "the trustees of A. D. Price Memorial Hospital of Harrodsburg, Kentucky, all of the said estate so willed and bequeathed in fee, absolutely, to said trustees of the said Hospital with the directions and limitations, that the revenue from it is to be used for the purpose of hospitalization of the unfortunate, the poor, the humble, who may be in need of same." The A. D. Price Memorial Hospital has been succeeded by appellant, Mercer General Hospital.

A controversy arose concerning whether inheritance taxes on the interest of the life tenant should be chargeable to the life interest and paid out of the income from the estate or should be paid out of the corpus without reimbursement from the life tenant.

KRS 140.230 reads in part: "When any interest in property less then an estate in fee is devised or bequeathed to one or more beneficiaries with remainder to others, and the interest of one or more beneficiaries is subject to any of the taxes levied by this chapter, the personal representative shall deduct the tax upon such taxable interests from the whole property thus devised or bequeathed. * * *"

Appellant contends that since KRS 140.-060 provides that transfers to educational, religious or other similar institutions are exempt from inheritance taxes, the payment of the inheritance tax chargeable to the life interest out of the corpus would have the effect of requiring a nontaxable institution to pay a tax contrary to the intention and spirit of the act.

In Louisville Trust Co. v. Walter, 306 Ky. 756, 207 S.W.2d 328, 330, the facts presented a situation where the residue of a trust was bequeathed to a person for life with remainder to University of Louisville. We held that the tax upon the life interest should be paid from the corpus, even though the University was exempt from inheritance taxes, saying:

"The chancellor correctly ruled that the tax by virtue of the bequest to William Mann of the residue of trust should be paid from the whole of the residue and not from undevised property. Appellant states (and it is our only source of information), that the principal inheritance tax falls on the life estate devised to William and will be deducted from the property in remainder to the University. The objection here is that such an allocation of the tax would result in payment of the tax or part of it by the exempted University.

"Section 140.230 KRS, provides substantially that when an interest in property is less than a fee, with remainder to others, the personal representative shall deduct the tax from the whole property 'thus devised or bequeathed,' and in Grainger's Ex'rs and Trustees v. Pennebaker, 247 Ky. 324, 56 S.W.2d 1007, where the will created a life estate with remainder in trust, we said the tax on both interests was to be paid out of the corpus of the trust fund. It appears that the law takes care of the situation where the tax is so paid, and the remainder interest passes to a person whose interest is taxable at a lower rate, or to a corporation exempt from taxation; KRS 140.110 provides in such instances the method of recovery or refunding."

Appellant criticizes the above holding on the ground that Section 140.110 applies only to taxation of contingent and defeasible estates, and states that it should not apply to life estates and vested remainders. However, the question of whether under the terms of KRS 140.230 the tax should be paid out of the corpus of the estate was definitely decided, and we are unable to find any sound reason for differentiation between the Walter case and the case at bar.

Therefore, the judgment is affirmed.