**Ella Haggard GRATZ et al., Appellants,**

**v.**

**Lucile Gilbert HAMILTON, as Executrix of Estate of Rodney Haggard, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 17, 1958.

Harvey T. Lisle, Winchester, Louis Cox, John Hopkins, Hazelrigg & Cox, Frankfort, for appellants.

Blake H. Page, J. Smith Hays, Jr., William Hays, Winchester, for appellees.

STEWART, Judge.

The sole issue presented for determination in this appeal is whether the specific legatees in the third clause of the will of Rodney Haggard, deceased, are liable for the payment of federal estate taxes and state inheritance taxes or whether all such taxes should be borne by the residuary legatees, the appellants, Ella Haggard Gratz and Rodney Warfield Gratz.

The clause of the will in question reads:

"3. To my sister, Anna Perdue, my nieces, Lucile Gilbert, Margaret Baldwin, and Virginia Haggard, $5,000.00, $2500.00 and $2500.00, respectively, and in the order herein named; provided my estate has a net worth of $75,000.00 after payment to the widow of her portion, if any, and my debts, including the inheritance taxes; if less, such bequest shall be reduced proportionately."

The lower court construed the language of the above clause to mean that the testator intended the estate and inheritance taxes to be paid out of the residuary estate. Judgment was entered accordingly. This appeal challenges that ruling, appellants contending these taxes should be applied proportionately to the four bequests under consideration as well as to the shares of the residuary legatees.

■■ It is well settled in Kentucky that estate and inheritance taxes are usually and normally paid out of the share of each legatee, devisee or heir at law, unless the will of the decedent directs to the contrary. See Gunn v. Sutherland, 311 Ky. 578, 224 S.W.2d 929; Dawson v. Gaines, 299 Ky. 100, 189 S.W.2d 894; Hampton's Administrators v. Hampton, 188 Ky. 199, 221 S.W. 496, 10 A.L.R. 515. A testator may, if he elects so to do, shift the burden of taxation from the person or fund which is ordinarily liable under the law to some other person or fund of his choice. A few simple words may suffice to indicate his intent and effectuate his purpose in this respect. See 37 A.L.R.2d 13.

■ The intention of the testator, which must be found within the four corners of the will, controls the disposition of his estate, and all the words used by him must be given effect and no word is to be rejected as meaningless if by any reasonable construction it may be made consistent and significant. We have language employed by the testator in the third clause of his will that appears to us to clearly express his wish as to how the "death levy" imposed upon his estate by the state and federal law is to be discharged.

■ The clause under consideration makes four specific bequests and then lays down, first, the condition that would determine their settlement in full and, next, the contingency that would result in their diminution in amount. Abatement of these legacies would only occur in case the net worth of the estate fell below $75,000 "after payment to the widow of her portion, if any, and any debts, *including the inheritance taxes.*" In any event, however, we believe the latter taxes are directed to be satisfied out of the residuary estate.

The record shows the estate of Rodney Haggard was valued at far in excess of $250,000. Furthermore, after accounting with the widow as to the portion of the decedent's property she was entitled to, after discharging all indebtedness of the estate, and after liquidating all estate and inheritance taxes, it is disclosed that the *net worth of the estate amounts to much* more than $75,000. Under such circumstances, it is our view there should be no deduction from the four bequests mentioned in the third clause nor any apportionment of any tax against them. We might add that when the testator used the phrase "inheritance taxes" we are of the opinion he had in mind federal estate taxes and state inheritance taxes.

To sustain their position that the taxes involved here should be allocated appellants

rely upon certain Kentucky decisions which we will not discuss for the reason that the factual situation embraced in each of them differs materially from that present in the instant case. Cases such as the one before us defy precise cataloguing and generally fall within that classification where a rule of law has been developed which controls the language embodied in a particular will.

The case most nearly similar to the one at bar is a New York decision cited in appellees' brief, namely, In re Searles' Will, Sur., 82 N.Y.S.2d 219. There the will stated that if the estate should be insufficient to pay the legacies after the liquidation of all estate, inheritance and other taxes of like nature, and the expenses attributable to the administration of the estate, all legacies except certain ones specifically exempted should be reduced proportionately. Although the will provided these items should be a charge upon a definite fund, the New York court said that the grouping of the administration expenses and the estate and inheritance taxes in one clause was further evidence that these taxes should be borne by the residuary estate.

Wherefore, the judgment is affirmed.