Charles **LANDRUM, Jr., Administrator of the Estate of Davis A. Cooper; Geneva A. Cooper, Individually, and as Guardian for Davis Allen Cooper, an infant, Appellants,**

v.

**MUTUAL BENEFIT LIFE INSURANCE COMPANY OF NEWARK, NEW JERSEY, and Ann Carol Cooper, Appellees.**

No. 13472.

United States Court of Appeals
Sixth Circuit.

Oct. 24, 1958.

**124**

Edwin R. Denney, of Denney & Landrum, Lexington, Ky., for appellants.

Robert J. Turley, Lexington, Ky., for appellee Ann Carol Cooper.

Leo T. Wolford, Louisville, Ky., for appellee Mutual Life Ins. Co.

Before ALLEN, Chief Judge, MARTIN, Circuit Judge, and THORNTON, District Judge.

PER CURIAM.

This appeal attacks a judgment of the District Court entered in an action filed by Mutual Benefit Life Insurance Company of Newark, New Jersey, hereinafter called Mutual, interpleading certain rival claimants to the proceeds of an insurance policy and asking that the court declare the rights of the parties. The policy was executed and delivered by Mutual to one Davis C. Cooper, who died December 16, 1955.

The policy, dated February 2, 1952, named as first beneficiary "ANNA M. COOPER, Wife of the Insured, if living, at the death of the Insured; if not, to the Children of their marriage then living; if none, to the executors, administrators or assigns of the Insured * * *." Shortly after the execution and delivery of the policy the insured Davis C. Cooper, hereinafter called Cooper, executed a policy settlement request which was accepted by Mutual and provided in substance for monthly payments of interest to Anna M. Cooper, the primary beneficiary, and thereafter of the proceeds of the policy to the same beneficiary from the date of the death of Cooper until February 1, 1958, or for so much of that period as Anna M. Cooper should live. The primary beneficiary was given no right of withdrawal or commutation of the proceeds of the policy. The policy settlement also provided that upon the death of the last to die of the primary beneficiary and Cooper, if the contingent beneficiary Ann Carol Cooper (daughter of Cooper) were then living, monthly payments of interest, and subsequently the policy proceeds, were to be made to her and that, after attaining the age of 30 years, Ann Carol Cooper was to have certain rights with regard to withdrawal or commutation of the policy proceeds. Anna M. Cooper was divorced from Cooper December 4, 1953.

The proceeds of the policy being claimed by the second wife, Geneva A. Cooper, individually and by her as guardian of an infant son of herself and Cooper, deceased, born after the death of Cooper, as well as by Ann Carol Cooper, daughter of Cooper, Mutual filed this action. The District Court decided that appellee Ann Carol Cooper is entitled

to the proceeds of the life insurance policy payable pursuant to the terms of the policy settlement request accepted by the insurance company "in the same manner as if her mother, Anna May Cooper, were actually dead at the time said policy matured and the proceeds thereof became payable."

■■ We think the District Court's decision must be affirmed. At the death of Cooper a remainder interest in the proceeds of the policy vested in his daughter, Ann Carol Cooper, the contingent beneficiary. Only the intervening life estate of her mother, the primary beneficiary, delayed Ann Carol Cooper's right to possession and her enjoyment of her interest in the policy proceeds. Conlee v. Conlee, 300 Ky. 685, 190 S.W.2d 43. Under Kentucky law the rights of the wife named as beneficiary under an insurance policy on her husband's life are abrogated by divorce. KRS 403.060. Warren v. Spurlock's Adm'r, 292 Ky. 668, 167 S.W.2d 858; Aetna Life Insurance Company v. Simmons' Adm'x, Ky., 277 S.W.2d 13.

■ The remainder interest of appellee Ann Carol Cooper vested upon the abrogation of the life estate of her mother. Breckinridge v. Breckinridge's Executors, 264 Ky. 82, 94 S.W.2d 283. As pointed out at page 89 of 264 Ky., at page 287 of 94 S.W.2d, "Postponement of enjoyment of the remainder is only for the purpose of letting in the particular estate, and upon the elimination of that estate in any manner at all the remainder vests in possession." See also Gunn v. Sutherland, 311 Ky. 578, which quotes from and cites with approval at page 582, 224 S.W.2d 929, at page 932 the above extract from the Breckinridge case, supra. Appellee Ann Carol Cooper, therefore, at the death of her father Cooper, her mother's rights under the policy having been abrogated, became entitled to the proceeds of the life insurance policy in accordance with the terms of the policy and the policy settlement request. This was plainly the intention of Cooper, who specifically provided for and protected his daugh-

ter, not only under the insurance policy but also under the policy settlement request accepted by Mutual.

The judgment of the District Court is affirmed.