*In re* ESTATE OF HAZEL YORK, Deceased (Anna Neal, Appellant; Decatur Memorial Hospital *et al.,* Appellee).

Fifth District   No. 5—84—0654

Opinion filed June 27, 1985.

Darrel F. Parrish and Linda M. Castleman, both of Owen, Roberts, Susler, Ltd., of Decatur, for appellant.

Keith W. Casteel, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee Decatur Memorial Hospital.

John A. Yantis and Whitney D. Hardy, both of Shelbyville, for appellee Shelby Memorial Hospital, Inc.

William L. Turner and John J. Baker, Jr., both of Shelbyville, for appellee First Trust Bank of Shelbyville.

PRESIDING JUSTICE JONES delivered the opinion of the court:

Anna Neal, a life estate beneficiary of income from a trust created by the last will of Hazel York, appeals an order of the circuit court that directed the payment of inheritance tax assessed against the lifetime interest bequeathed to her from the income paid under that bequest. Under the terms of the will, upon the death of Anna Neal, the corpus of the testamentary trust was to be distributed to certain designated charitable institutions. In its order assessing the inheritance tax and directing its payment, the circuit court found a conflict between section 4 of the Inheritance Tax Act (Ill. Rev. Stat.

1981, ch. 120, par. 378), providing for payment of inheritance tax imposed upon an estate for life from the corpus of the property in which the life estate exists, in this case, the corpus of the trust, and section 28 of the Inheritance Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 401), granting an exemption from payment of inheritance taxes to any charitable institution. The circuit court resolved the conflict by assigning primacy to section 28, holding that the exemption it granted to the charities, which are remainder beneficiaries of the trust, absolved them of liability for the payment of the tax assessed against the life income of the trust. The same order directed payment of the tax from the income allotted to Anna Neal in payment of her lifetime interest.

There are no Illinois cases in point, so this is a case of first impression. And, as appellant pointed out at oral argument, it is also a case of last impression because, subsequent to the time the interest in the estate bequeathed to Anna Neal became subject to an inheritance tax, the Illinois legislature abolished the Illinois Inheritance and Transfer Tax Law. It should be noted that, in addition to the lifetime interest, Anna Neal also received a direct bequest of jewelry and liability for inheritance tax upon that bequest is not in question here. Valued in the manner provided by law, the life income interest of Anna Neal was worth $172,952.26, and the inheritance tax assessed against her interest in the estate was $29,396.

If decedent's will had made provision for payment of taxes assessed by reason of bequests made, such provisions would have control. However, no such provision was made. Accordingly, the determination must be made by an interpretation of the statutes.

There is no question that the exemption granted to charities by section 28 is absolute and that any interest in an estate received by a charity is not to be subjected to an inheritance tax. Equally sound is the assertion that pursuant to section 4 any inheritance tax assessed upon an estate for life derived from a decedent's estate is to be paid from the corpus from which the life estate is created. Upon consideration of the matter before us, we have concluded that the seeming conflict in these two statutory provisions is apparent only, not real. This is so because the amount of the inheritance tax assessed against the life estate serves to reduce the corpus from which the life estate is carved. The amount of tax cast upon the corpus by section 4 simply reduces the amount of the bequest to the charitable institutions. Those charities had no right to expect the remainder of the trust free and clear of the antecedent tax liabilities imposed by statutes. After payment of the inheritance tax from the corpus of the trust, the charities are not to be subjected to any liability for inheritance tax upon

the amounts they receive as a result of the bequest.

The reasoning we follow is fortified by the fact that the inheritance tax statutes make it the responsibility of the personal representative of the decedent to prepare and file the inheritance tax return and to pay from the appropriate source any taxes imposed. Distribution to the separate beneficiaries is made after the liability for inheritance tax is discharged. The bequests to the charities are not measured until the inheritance tax due from the Anna Neal bequest has been paid. Thus, the remainder interest of the charities was reduced by the amount of the tax on the life estate of Anna Neal. The charitable bequests have not been taxed; they merely have been reduced by the amount of the Anna Neal tax. The charities are paying no inheritance tax, and their bequests have the benefit of the exemption granted by section 28.

The appellant has cited two Kentucky cases that allegedly reach the result we have determined upon under statutes said to be similar to those of Illinois. The cases cited are *Mercer General Hospital, Inc. v. Hardin* (Ky. 1952), 246 S.W.2d 1003, and *Louisville Trust Co. v. Walter* (Ky. 1948), 207 S.W.2d 328. But in the view we have taken we deem it unnecessary to make further analysis of the Kentucky cases.

For the foregoing reasons, we reverse the order of the trial court and remand for a new order of assessment of inheritance taxes.

Reversed and remanded.

KASSERMAN and WELCH, JJ., concur.