Calvin **HOUGHLAND** and Sun Trust Bank, N.A. (Formerly Third National Bank of Nashville), Appellants,

v.

Dinwiddie **LAMPTON,** III and Mason H. Lampton, Co–Executors and Beneficiaries under the Will of Nancy Houghland Lampton, Deceased, and Nancy Lampton, Appellees.

No. 1999–CA–000319–MR.

Court of Appeals of Kentucky.

Dec. 15, 2000.

Susan S. Wettle, Laura M. Haara, George W. Thacker, III, Louisville, KY, Briefs for Appellants.

Travis Combs, Jr. LaGrange, KY, Brief and Oral Arguments for Appellees.

Before BUCKINGHAM, GUIDUGLI, and HUDDLESTON, Judges.

## *OPINION*

BUCKINGHAM, Judge.

Nancy Houghland Lampton died testate leaving an estate with debts, taxes, and costs of administration in excess of the residuary estate which had been designated by her to pay such liabilities. Calvin Houghland appeals from an order of the Oldham Circuit Court which required all nonresiduary legacies under Lampton's will to abate proportionately to pay the estate taxes. We believe the trial court ruled correctly and thus affirm.

Nancy Houghland Lampton died on December 14, 1991. She left a will dated June 9, 1987, and a codicil dated May 18, 1989.[1] The will appointed Lampton's three children, Dinwiddie Lampton, III, Mason Lampton, and Nancy Lampton Ray as co-executors of the estate.

Lampton's gross estate was valued at $3,199,189. The administration costs, debts, and estate and inheritance tax liability of the estate totaled $1,310,116, leaving a net estate of $1,888,873 for distribution by the executors.

Item I of the will directed that all debts, funeral expenses, administration costs, and taxes be paid from the "residuary estate without apportionment among the legatees and devisees hereunder...." In Item II, Lampton bequeathed certain items of personal property to beneficiaries and the remaining tangible personal property to her children. Item III provided in part as follows:

> As part of a family settlement agreement, I agreed that under my Last Will and Testament, I would create a trust, the corpus of which would be equal to one-fourth (¼) of the value of the corpus in the "Nancy Houghland Lampton Trust" created under the Will and Codicil of Sara Roark Houghland, at the date of my death. In keeping with said

---

1. We will hereinafter collectively refer to the will and codicil as "the will."

agreement, I hereby devise to the trustee hereinafter named an amount equal to one-fourth (¼) of the value at the date of my death of the corpus of the said "Nancy Houghland Lampton Trust" to be held and distributed as a trust estate. This *said trust is to be funded out of my general estate and is to constitute a first charge thereon* and shall be upon the following terms and conditions ... [emphasis added].

The trust was created for the lifetime benefit of Lampton's brother, Calvin Houghland, and upon his death is to be held for the benefit of his children.[2] The parties agree that ¼ of the value of the corpus of the Nancy Houghland Lampton Trust at the time of her death was $910,597.

In Item IV, Lampton devised her personal residence to her son, Dinwiddie Lampton, III. In Item V, she bequeathed her interest in Starry Cato Partnership to her son, Mason Lampton. In Item VI of the will, she bequeathed her shares of stock in an insurance company in equal shares to her two sons. In Item VII, she bequeathed her shares of stock in Hard Scuffle, Inc., to Dinwiddie Lampton, III, and directed that the bequest be reduced by the estate and inheritance taxes generated by reason of the stock being included in her estate. In Item VIII, she transferred the residue of her estate in equal shares to her daughter, Nancy Lampton Ray, and her two sons. In Item IX, she appointed her three children as co-executors of the estate.[3] She further reiterated that all estate and inheritance taxes were to be paid from the residuary estate "without apportionment among the legatees and devisees hereunder...."

The estate and inheritance taxes exceeded the value of the residuary estate. Lampton's two sons, Dinwiddie and Mason, as co-executors and beneficiaries under Lampton's will, argued that, after the Hard Scuffle stock bore the taxes attributable to it and the residuary estate was exhausted, the balance of the tax liability should be apportioned among all nonresiduary legacies on a pro rata basis. Calvin Houghland, however, argued that the trust created under Item III of the will should not be reduced to pay estate and inheritance taxes because of the will provision which stated that the trust was to be funded out of Lampton's "general estate" and was to constitute a "first charge" on the estate.

In August 1996, Dinwiddie and Mason filed a declaratory judgment action in the Oldham Circuit Court. The parties filed cross-motions for summary judgment, and the trial court granted the summary judgment motion of Dinwiddie and Mason and directed that all bequests be reduced by a proportionate share of the estate and inheritance taxes. Calvin Houghland and the bank appointed as trustee under the will appealed.

"Under Kentucky law, federal estate taxes and Kentucky inheritance taxes are required to be shared proportionately by all of the beneficiaries in the absence of a specific direction in the will." *Estate of Webber v. United States,* 404 F.2d 411, 413 (6th Cir.1968). *See also Louisville Trust Co. v. Walter,* 306 Ky. 756, 207 S.W.2d 328 (1948). However, "[a] testator may, if he elects so to do, shift the burden of taxation

---

**2.** The family settlement agreement which resulted in the will provision creating the trust stemmed from testamentary trusts created by Sara Roark Houghland for the benefit of Nancy Houghland Lampton and Calvin Houghland. Under Sara Roark Houghland's will, the trusts were each to be funded with one-half of her residuary estate. Under a codicil to her will, however, she increased Nancy Houghland Lampton's share to ⅔ of her residuary estate and decreased Calvin Houghland's share to ⅓ of the residuary estate. A family settlement agreement was subsequently entered into between Nancy Houghland Lampton and Calvin Houghland, apparently to avoid a possible contest of the will by Calvin Houghland due to his concerns as to Sara Roark Houghland's testamentary capacity in connection with the codicil.

**3.** Nancy Lampton Ray resigned as a co-executor of her mother's estate in June 1996.

from the person or fund which is ordinarily liable under the law to some other person or fund of his choice." *Gratz v. Hamilton,* Ky., 309 S.W.2d 181, 182 (1958). The testator's intent controls in this regard. *Id.* Further, the intention of the testator should be ascertained from the four corners of the will. *Graham v. Jones,* Ky., 386 S.W.2d 271, 273 (1965). Also, in determining the intention of the testator, consideration must be given to what the testator meant by what he or she said rather than what the testator intended to say. *Harlan National Bank v. Brown,* Ky., 317 S.W.2d 903, 907 (1958).

■ Houghland argues that under the plain reading of Lampton's will, Lampton intended to give priority to the trust when apportioning the remaining estate taxes and abating legacies. He bases his argument on the language in Item III of the will which states that the trust "is to be funded out of my general estate and is to constitute a first charge thereon[.]" He further relies on the case of *Dawson v. Gaines,* 299 Ky. 100, 184 S.W.2d 894 (1945), wherein the testatrix left a will containing monetary bequests and specific devises totaling $115,000 but no residuary clause disposing of the residue of the estate. The residuary estate in *Dawson* was approximately $46,000, and the issue was whether the specific legacies and the residuary estate should be charged with estate taxes proportionately or whether the taxes should be charged to the residuary estate only. The court therein concluded that it was the intent of the testatrix that the estate tax be paid out of the portion of the estate remaining undistributed after the payment of the specific bequests. *Id.* at 895.

Houghland further argues alternatively that even if the court determines the aforementioned language of Item III of the will to be meaningless in relation to the apportionment of taxes, the trust should still be exonerated from taxes under the rules of abatement. While acknowledging that the general rules of abatement would provide that the trust must share in the apportionment of the estate taxes with all other nonresiduary legacies, he asserts an exception which provides that when a legacy is made in payment of a debt or is founded upon some valuable consideration, it is entitled to preference over gratuitous legacies which must abate first.

The Lampton brothers contend and the trial court ruled that the trust must share proportionately with the other nonresiduary legacies because Lampton did not clearly express an intent in her will to shift the tax burden. They cite the case of *In re Wolinsky's Estate,* 73 N.Y.S.2d 757 (1947), to support their position. In *Wolinsky,* the testator established trusts for the benefit of a widow and two children and directed that the trusts be a first and primary charge upon the estate which would have priority over all other bequests in the will. *Id.* at 759. A second bequest of similar importance was given a secondary priority to that of the trusts. When the residuary estate proved insufficient to pay all the taxes, the court turned to the clause which stated that the bequests "shall abate pro rata." In holding that the preferred gifts must share in the apportionment of the taxes, the court held:

> In the event that after segregating the preferred gifts the assets of the estate available for the payment of taxes are insufficient for that purpose the preferred gifts will be required to make a pro rata contribution to the extent necessary to meet the deficiency. In respect of such contribution there will be no preference as between the gifts in trust and other preferred legacies since the priority in payment granted to the trusts is not a dispensation from the estate tax.

*Id.*

■ The trial court in the case *sub judice* held that "it is the ruling of this Court that payment based on a priority or preference status among beneficiaries, is not,

unless so expressed in the will, a dispensation from the obligation to pay estate taxes, and the general rule requires apportionment."[4] We agree with the trial court. Because the will did not clearly express an intent that the trust be exempt from sharing in the obligation to pay estate taxes, the general rule of apportionment should be followed. Furthermore, we reject Houghland's alternative argument that an exception to the general rules of abatement would exonerate the trust from sharing pro rata in the tax liability. The issue was not initially raised before the trial court,[5] and it does not otherwise have merit.

The judgment of the Oldham Circuit Court is affirmed.

ALL CONCUR.

[4]. *See also* Maurice T. Brunner, LL.B., Annotation, *Construction and Application of Statutes Apportioning or Prorating Estate Taxes*, 71 A.L.R.3d 247, § 21(a) (1976), wherein it was stated as follows: "The fact that a legacy may be preferred as to payment, either by direction of the testator or by operation of rules of law, does not entitle such legacy to escape a pro rata contribution to the payment of estate taxes which the residue is not sufficient to meet." *Id.* at pp. 339–40.

[5]. "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, Ky., 770 S.W.2d 225, 228 (1989).